**Alexandria**

MARGARET JAME CRYOR GAYNOR (HIRD)

v.

FREDERICK SYLVESTER HIRD, JR.

No. 2224-91-4

Decided December 1, 1992

COUNSEL

Edward V. O'Connor, Jr. (Lewis, Dack, Paradiso, O'Connor & Good, on brief), for appellee.

William B. Cummings (William B. Cummings, P.C., on briefs), for appellant.

OPINION

**WILLIS, J.**—This appeal arises out of the partition of the parties' former marital home, owned by them as tenants in common after their divorce. Code § 20-111. Ms. Gaynor contends that the trial court erred (1) in refusing to credit her one-half the fair market rental value of the property, which was occupied exclusively by Mr. Hird after the parties separated, (2) in refusing to award her interest on the fair market rental value as it became due, (3) in crediting Mr. Hird for the costs of improvements to the property, rather than for their enhancement value, and (4) in allotting the property to Mr. Hird. We hold that the trial court erred in denying Ms. Gaynor an award of rental value and interest on that award. We find no error in its determination of improvement value and allotment of the property. Therefore, we affirm in part and reverse in part.

The parties were married in January, 1977. They were divorced in September, 1985, on the ground of having lived separate and apart, without interruption, for over a year. From the time of their separation, Mr. Hird occupied the jointly owned home to the exclusion of Ms. Gaynor. In a decree of partition entered November 13, 1991, the trial court awarded Mr. Hird the right to purchase Ms. Gaynor's interest in the home, set the partition price, and directed sale to a third party if the partition was not concluded by January 15, 1992. Ms. Gaynor appealed the allotment to Mr. Hird. On the date set for closing the sale, Ms. Gaynor refused to sign the deed. On Mr. Hird's motion, the trial court appointed a special commissioner to execute a deed on Ms. Gaynor's behalf.

In allotting the parties' residence to Mr. Hird, the trial court relied on the fact that the house has been his residence since 1977 and on "all other factors." It found that sale to a third party would not be in the "best interests" of the parties, because it would "require additional and substantial expenses to the parties." The court found that the new roof and dishwasher installed by Mr. Hird enhanced the value of the property to the extent of their costs and credited him those costs. It charged Ms. Gaynor and credited Mr. Hird one-half of the mortgage payments, taxes, and insurance premiums that Mr. Hird had paid since October 1, 1985. It denied Ms. Gaynor's prayer that she be credited from Mr. Hird one-half of the fair market rental of the property from October 1, 1985 and interest on the increments of rent as they accrue.

■ Ms. Gaynor first contends that the trial court erred in refusing to award her the fair market rental value of her interest in the jointly owned property from October 1, 1985. We agree. Code § 8.01-31 provides:

An accounting in equity may be had against any fiduciary or by one joint tenant, tenant in common, or coparcener for receiving more than comes to his just share or proportion, or against the personal representative of any such party.

Upon the parties' divorce, their marital home, which they had owned as tenants by the entirety, became their property as tenants in common, Code § 20-111, and thus fell within the scope of this statute.

■ Mr. Hird argues that the statute applies only to commercial or income-producing property. The statute contains no such limitation. He also argues that the statute requires an accounting only for receipts, and that he cannot be held to account merely for the value of his occupancy. This argument was addressed and rejected in *Early v. Friend*, 57 Va. (16 Gratt.) 21 (1860), wherein Judge Moncure said:

When, instead of renting it out, [the co-tenant in possession] occupies and uses the whole [property] to the exclusion of his co-tenants, and thus, in effect, becomes himself the renter, . . . the just and true rule is, to charge him with a reasonable rent for the use and occupation of the property in the condition in which it was when he received it, and to hold him accountable to his co-tenants for their just shares of such rent.

*Id.* at 53. This rule was noted with approval in *Jenkins v. Jenkins*, 211 Va. 797, 800, 180 S.E.2d 516, 518 (1971).

*Naccash v. Naccash*, 212 Va. 763, 188 S.E.2d 83 (1972), is instructive on this point. Dr. and Mrs. Naccash jointly owned a commercial building containing three offices, one of which was occupied by Dr. Naccash. After their divorce, Dr. Naccash continued to occupy his office. The other offices remained vacant, except for a brief time during which Dr. Naccash succeeded in renting one. Holding that he should be held accountable to Mrs. Naccash for the proceeds of his own tenancy and for the rent he received from the other office, the Supreme Court noted that his possession of the two offices other than his own was not exclusive of Mrs. Naccash, and that she had an equal right of access and an equal right to seek tenants. *Id.* at 764, 188 S.E.2d at 84-85.

Ms. Gaynor is entitled to an accounting from October 1, 1985, the first calendar month following the parties' divorce and the commencement of their tenancy in common. From that date, Mr. Hird has been in possession of the home to her exclusion. Under the rule of *Early*, Ms. Gaynor is entitled to an accounting and to credit for the fair market rental value of her interest in the property. This comports with the plain requirement of justice. By being charged her share of mortgage principal and interest, taxes, and insurance premiums, Ms. Gaynor has been obliged to bear the financial burden of owning the property. It is only just that she should receive the corresponding benefit of that ownership. Any award in her favor shall bear interest from the time it is due. *See Adkins v. Adkins*, 117 Va. 445, 449, 85 S.E. 490, 491-92 (1915).

Ms. Gaynor next contends that the trial court erred in awarding Mr. Hird one-half the cost of the replacement of the dishwasher and the roof. We disagree. The commissioner found the new dishwasher and the new roof to be ''permanent improvements and their costs to be the enhancement value.'' The trial court approved that finding. This determination is supported by the record. The costs of the improvements were proved. The appraisals of the property were made in its improved condition.

Finally, Ms. Gaynor contends that the trial court improperly allotted the house to Mr. Hird. However, Ms. Gaynor did not object to the allotment in the trial court. Therefore, she cannot raise this issue on appeal. Rule 5A:18. Ms. Gaynor excepted to the finding that sale to a third party would not be in the parties' best interests, but that issue is not before us. Ms. Gaynor argues that she responded affirmatively when asked by the trial judge whether she would purchase Mr. Hird's

interest if the house were allotted to her, and that her response was sufficient to put the trial court on notice that she would except to the ruling if the house were allotted to Mr. Hird. We disagree. Answering that she would purchase Mr. Hird's interest was not the same as stating an objection to the allotment to Mr. Hird.

The judgment of the trial court is affirmed insofar as it allotted the jointly owned property to Mr. Hird in partition and credited him the cost of improvements. It is reversed and remanded insofar as it denied Ms. Gaynor an accounting for the fair rental value of her interest in the property and interest on her entitlement.

*Affirmed in part,*
*reversed in part and*
*remanded in part.*

Koontz, C.J., and Barrow, J., concurred.