COURT OF APPEALS OF VIRGINIA

Present: Judges Barrow,[*] Fitzpatrick and Senior Judge Duff
Argued at Alexandria, Virginia


MARGARET JANE CRYOR GAYNOR

v.          Record No. 1227-94-4          MEMORANDUM OPINION[**] BY
                                          JUDGE BERNARD G. BARROW
FREDERICK SYLVESTER HIRD, JR.                  AUGUST 1, 1995


            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                       Paul F. Sheridan, Judge


            Edward V. O'Connor, Jr. (The Lewis Law Firm, on
            briefs), for appellant.

            William B. Cummings (William B. Cummings, P.C.,
            on brief), for appellee.


    In this appeal, we conclude that the trial erred in

determining the award to which the appellant is entitled as a

co-tenant of the property the appellee possessed to the

appellant's exclusion.

                    I.  REASONABLE RENT

    A co-tenant who occupies and uses a home to the exclusion of

another co-tenant must account to the other co-tenant for the

"'reasonable rent for the use and occupation of the property in

the condition in which it was when he received it.'"  Gaynor v.

Hird, 15 Va. App. 379, 381, 424 S.E.2d 240, 242 (1992) (quoting

    [*]Judge Bernard G. Barrow participated in the hearing and
decision of this case and prepared the opinion prior to his
death, and the panel members joined in the opinion.

    [**]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

<u>Early v. Friend</u>, 57 Va. (16 Gratt.) 21, 53 (1860)).  A co-tenant entitled to such rent must, in turn, reimburse the co-tenant in possession for one-half of the mortgage payments and one-half of the taxes paid by the tenant in possession.  <u>Jenkins v. Jenkins</u>, 211 Va. 797, 800, 180 S.E.2d 516, 518 (1971).

Instead, in this case, the trial court awarded the appellant the reasonable rental value of the property and subtracted the cost of all improvements and maintenance, including outdoor maintenance.  In doing so, the court relied on the principle that "the expenditure from each year should be offsetted against the rents and profits" (quoting <u>Ruffners v. Lewis' Exc'rs</u>, 7 Leigh (34 Va.) 720, 744 (1836)).  However, this principle applied to an accounting of actual rents and profits from a parcel of land for which money had been spent to develop the property and enhance its profitability, not to a co-tenant residing in a home to the exclusion of the other co-tenant.  Therefore, the court applied the wrong standard to determine the amount to be awarded.

## II.  <u>MORTGAGE, TAXES, AND INSURANCE</u>

The appellant is required to reimburse the appellee for one-half of his expenditures for the mortgage, taxes, and insurance, but not 100% of these expenditures.  However, the appellant contends that the trial court has required her to reimburse the appellee twice for one-half of these expenses.  In support of her contention, she refers us to the court's disposition in this decree and to its disposition in an earlier decree dated

November 13, 1991.  However, the earlier decree was reversed by this court.  Presumably, upon remand, reimbursement of these expenditures to the appellee will not be duplicated in disposing of any other aspect of this proceeding.

### III.  APPRAISERS' TESTIMONY

The appellant complains of the weight the trial court chose to give to the testimony of the appraisers who testified before the commissioner.  The commissioner, basing his finding on the testimony of one appraiser, found that the fair market rental value ranged from $1,975 to $2,650 a month.  The trial court rejected this testimony and, based on the testimony of another appraiser, found that the fair market rental was $2,000.  We have reviewed the evidence and ascertained that the evidence supports the findings of the trial court that the fair market rental value of the house as received by the appellee was $2,000.  See Hill v. Hill, 227 Va. 569, 577, 318 S.E.2d 292, 296 (1984).  Furthermore, the trial court's adjustments of 5% per anum for earlier and later years were supported by the evidence.

### IV.  EXPENSES

The trial court improperly deducted certain of the appellee's expenses in determining the reasonable rental value to which the appellant is entitled.  Except for mortgage and tax expenses, such deductions are contrary to the rule applicable to this case that a co-tenant who occupies and uses a home to the exclusion of another co-tenant must account to the other

co-tenant for the "'reasonable rent for the use and occupation of the property in the condition in which it was when he received it.'" Gaynor, 15 Va. App. at 381, 424 S.E.2d at 242. Furthermore, the record indicates that certain of the exhibits which the court relied upon were not admitted into evidence and, therefore, should not have been considered. See Brittle v. Commonwealth, 222 Va. 518, 522-23, 281 S.E.2d 889, 890 (1981). Consequently, the court erred in making these deductions.

## V. SHARE OF RENT AND EXPENSES

The trial court, relying on an earlier finding in connection with the monetary award that the appellee had contributed 75% of the monetary cost of the acquisition and maintenance of the residence, awarded the appellant only 25% of the reasonable rental value of the residence and deducted 25% of the mortgage and tax expenses. It erred in making such a division.

As one of two co-tenants, the appellant owned an undivided legal one-half interest in the property. See Jenkins, 211 Va. at 799-800, 180 S.E.2d at 518. Her rights and interest in marital property under Code § 20-107.3 do not attach to her legal title to the property but "are only to be used as a consideration in determining a monetary award." Code § 20-107.3(B). This decree was not a determination of a monetary award; it was an accounting for rents based on her legal title in the property.

The determination that the appellee had contributed 75% of the cost of the acquisition and maintenance of the property is

only one factor to be used in making a monetary award and had nothing to do with the determination undertaken in this decree. Therefore, the trial court had no basis for dividing the rents, mortgage and taxes as it did.

## VI.   TERMINATION DATE

The trial court terminated the award of rental value as of four days before the posting of the suspension bond pending the appeal of the allotment order.  However, no evidence in the record indicates that the appellee discontinued possession of the property to the exclusion of the appellant.  The award of one-half of the rental value of the property is to compensate the appellant for the appellee's possession of the property to her exclusion.  Her appeal of the allotment decree did not terminate her interest in the property, nor compensate her for its loss. Consequently, she was entitled to one-half of the rental value so long as the appellee continued to dispossess her of it which, in this case, was until the property was conveyed to the appellee.

## VII.   REMAND

Upon remand, the trial court shall, for the period from October 1, 1985 to June 29, 1993, (1) determine one-half of the reasonable rental value of the property, based upon the value of $2,000 per month previously found by the court, adjusted at a rate of 5% per anum, as previously approved by the trial court, for those years before and after the date of valuation, (2) determine one-half of the cost of the mortgage payment and taxes

- 5 -

expended by the appellee, (3) subtract the latter from the former, to the extent that the appellant has not otherwise been charged with these expenses, and award the appellant the resulting amount.  In addition, the court shall award her interest, at the legal rate of interest, on the monthly amount accruing from October 1, 1985.

The decree appealed from is reversed, and the matter is remanded for further proceedings as required by this opinion.

<u>Reversed and remanded</u>.