COURT OF APPEALS OF VIRGINIA

Present: Judges Barrow,[*] Fitzpatrick and Senior Judge Duff
Argued at Alexandria, Virginia


MARGARET JANE CRYOR GAYNOR

v.          Record No. 0928-94-4          MEMORANDUM OPINION[**] BY
                                          JUDGE BERNARD G. BARROW
FREDERICK SYLVESTER HIRD, JR.                  AUGUST 1, 1995


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Paul F. Sheridan, Judge

            Edward V. O'Connor, Jr. (The Lewis Law Firm, on
            briefs), for appellant.

            William B. Cummings (William B. Cummings, P.C.,
            on brief), for appellee.


The parties appeal an award of damages resulting from suspending the execution of a decree which ordered the appellant to convey her interest in their marital home to the appellee. The suspension of the award was conditioned upon the payment of "all damages incurred as a consequence of such suspension." Such damages include only the "actual damage incurred in consequence of the supersedeas." Aetna Casualty & Surety Co. v. Bd. of Supervisors, 160 Va. 11, 57, 168 S.E. 617, 631 (1933). Thus, we hold that (1) the expense of litigating the partition proceeding, pursuing a cross-appeal on the appellee's behalf, and in seeking

[*]Judge Bernard G. Barrow participated in the hearing and decision of this case and prepared the opinion prior to his death, and the panel members joined in the opinion.

[**]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

damages in this proceeding are not recoverable, (2) the expenses of the second closing, while recoverable, are not recoverable if they were unnecessary duplications, and (3) the rent to which the appellant was entitled was not a proper subject to be determined as a cost of the suspension of the decree.

## I.   PARTITION PROCEEDING

The appellee presented evidence of costs incurred in his attempt to proceed with the partition to closing, caused by the appellant's motions to delay, and resulting in a court ruling "that the partition should proceed forthwith."  These expenses were not caused by the suspension.  While they may have been incurred as a consequence of efforts by the appellant to delay the closing, as found by the trial court, the record does not reflect that these expenses resulted from the suspension of the decree ordering the sale of the home.  The award of costs arising as a consequence of suspending the judgment is not a substitute for a proceeding to impose sanctions.

## II.   CROSS-APPEAL

The appellee's expenses in pursuing a cross-appeal which he describes as a "protective appeal" were not caused by suspension of the decree of sale.  They arose, instead, from the appellant's appeal and the appellee's desire to assert cross-error. Suspending the decree of sale did not cause these expenses.

## III. SUSPENSION BOND

The appellee's legal expenses in seeking to recover damages

arising from the suspension of the decree of sale are not recoverable under the suspending bond. Without a contrary contractual commitment, a successful litigant in an action is not entitled to recover attorney's fees incurred in that action. Owen v. Shelton, 221 Va. 1051, 1055, 277 S.E.2d 189, 192 (1981). This rule applies in Virginia in actions to recover under the terms of a performance bond. Ranger Constr. Co. v. Prince William County Sch. Bd., 605 F.2d 1298, 1301 (4th Cir. 1979). The suspending bond did not provide for attorney's fees or other costs incurred in recovering damages arising from the suspension.

### IV. COSTS OF SECOND CLOSING

The appellant excepted to the commissioner's recommended award to the appellee because certain costs which the appellee sought as damages were unnecessary duplications of expenses. The trial judge denied this exception because the appellant was excepting to the appellee's first expenditure and the appellee did not seek to recover the first expenditure. However, the court misread the appellant's exception. She excepted to the award of certain of the expenses because, she contended, they were unnecessary duplication of expenses. Because the trial court did not address this contention, we must reverse this award and remand it for reconsideration.

### V. RENT

The appellant's entitlement to rent was not a cost of suspending the decree ordering her to convey the property to the

appellee.  It was a consequence of her right as one of two tenants in common to an accounting for rents received by the other co-tenant which were more than his just share.  Code § 8.01-31; <u>Gaynor v. Hird</u>, 15 Va. App. 379, 382, 424 S.E.2d 241, 242 (1992).  Whether the appellant was entitled to such rents was addressed in the accounting which resulted in a separate decree and should not have been considered in this proceeding for damages recoverable under the suspending bond.

For these reasons, the decree awarding the appellee damages is reversed and the matter is remanded for further proceedings to determine what costs of the second closing were not duplicated and to which the appellee should be entitled under the terms of the suspending bond.

<u>Reversed and remanded</u>.