COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

OSCAR MARION BARBER

v.   Record No. 1017-95-2               MEMORANDUM OPINION[*]
                                            PER CURIAM
LAURA BURNSIDE BARBER                    NOVEMBER 28, 1995

FROM THE CIRCUIT COURT OF MIDDLESEX COUNTY
John M. Folkes, Judge

(Jeffrey M. Steingold, on brief), for appellant.

(Henry A. Conner, Jr., on brief), for appellee.


Oscar Marion Barber appeals the decision of the circuit court finding fraud on the part of Laura Burnside Barber.  The commissioner found, and the circuit court confirmed, that Laura had fraudulently induced Oscar to convey to her his interest in property owned jointly.  On appeal, Oscar raises the following issues:  (1) whether the trial court erred in refusing to order Laura to pay rent to him for the time she occupied the property following the fraudulent conveyance; and (2) whether the trial court erred in refusing to award Oscar attorney's fees and costs.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

_____

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

## Recovery of Rent

Oscar sought to recover rent from Laura as part of the equitable distribution of the parties' marital estate. "In reviewing an equitable distribution award on appeal, we recognize that the trial court's job is a difficult one. Accordingly, we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case." Artis v. Artis, 4 Va. App. 132, 137, 354 S.E.2d 812, 815 (1987). Upon entry of the divorce decree, property formerly held by the spouses as joint tenants or tenants by the entirety is converted into a tenancy in common. Code § 20-111. We have ruled that, under some circumstances, a party who retains exclusive possession of property formerly jointly held may be liable to the other tenant for rent. See, e.g., Gaynor v. Hird, 15 Va. App. 379, 382, 424 S.E.2d 240, 242 (1992); see also Code § 8.01-31. However, those cases are distinguishable from the situation in this case.

The trial court found Laura had defrauded Oscar out of his share of the property formerly owned by the parties as joint tenants. As Oscar acknowledged, Laura did not receive rent during Oscar's absence, although Laura was sharing the house with another man. There was no corpus of collected rents upon which to impose a constructive trust or for which Laura had a fiduciary duty to account. Moreover, regardless of the fraud perpetrated by Laura, Oscar would not have been residing in the home for a

2

period of time prior to the parties' divorce due to his incarceration.

The fraud perpetrated by Laura was remedied by the recision of the deed to Laura as _femme_ _sole_ and the subsequent equitable distribution of the property.  We cannot say the trial court abused its discretion in denying Oscar's request for the value of rental income during the time he was incarcerated.

### Attorney's Fees and Costs

Awards of attorney's fees or costs are matters submitted to the sound discretion of the trial court and reviewable on appeal only for an abuse of discretion.  Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).  The key to a proper award of counsel fees is reasonableness under all the circumstances. McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).  The trial court held Laura "solely responsible and liable for all liens, notes, debts and other obligations including clouds of title which she caused to be incurred" upon the parties' property.  Based upon this holding, the evidence presented and the number of issues involved, we cannot say that the trial judge abused his discretion in not also ordering Laura to pay Oscar's costs or attorney's fees.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

3