# CIRCUIT COURT OF ROCKINGHAM COUNTY

Pennington, et al.

v.

Add Shoemaker's
Heirs, Devisees, etc.

March 20, 1997

Case No. (Chancery) 15263

BY JUDGE DENNIS L. HUPP

I am now prepared to address the accounting issues remaining in this case. While there are a number of defendants in this cause, the issues addressed herein relate to only two of them, David Smith and Vivian Smith. I believe that I can refer to them as "Defendants" herein without confusion.

Mr. Parker first argues that he need not show that the Defendants' possession was exclusive but simply that they occupied more than their proportionate share, relying on the language of Virginia Code § 8.01-31. I see no need to address this issue since there is really no question in this case that the Defendants had exclusive possession of the property in question. I do not find that there was an actual ouster of the co-tenants but merely that the Defendants had exclusive possession of the property. There is no burden on the Complainants to show an actual ouster in seeking the relief prayed for here.

> When, instead of renting it out, [the co-tenant in possession] occupies and uses the whole [property] to the exclusion of his co-tenants, and thus, in effect, becomes himself the renter ... the just and true rule is to charge him with a reasonable rent for the use and occupation of the property in the condition in which it was when he received it and to hold him accountable to his co-tenants for their just shares of such rent.

*Gaynor v. Hird*, 15 Va. App. 379 at 381 (1992), quoting *Early v. Friend*, 57 Va. (16 Gratt.) 21 at 53 (1860). At the time the Defendants acquired the land in January, 1988, it had been used as a trailer site. While it appears that the trailer on site at that time was served by water, septic, and electricity, it also appears from the evidence that there was no on-site well or water rights benefiting this property. The Complainants' expert, Mr. Romanesko, assumed the availability of water in offering his opinion as to rental value at the beginning of the Defendants' occupancy of the real estate. He acknowledged that the absence of an on-site well or other water rights would affect the rental value, but he could not quantify the difference. I think the difference would be significant, and no testimony specifically addresses this point. For the reasons stated in Mr. Parker's written argument, I do not accept Susan Hoover's testimony regarding the rent she was paying immediately before conveyance of the property to Mr. and Mrs. Smith as being probative on the point. In any event, the burden is upon the Complainants to prove the rental value of the real estate during the exclusive occupancy by the co-tenant in possession based on the condition of the property at the time such occupancy commenced. The complainants have failed to carry this burden in that they have offered no testimony as to the rental value of a trailer site without water.

The Defendants were under no obligation to their co-tenants to put the real estate to its highest and best use. They were accountable to their co-tenants for their exclusive use and occupation of the property and must pay a reasonable rent for same. It seems to me that the rent should be related to the use made of the property so long as that use is consistent with the condition and character of the property. From 1988 to 1991, the Defendants used the property for pasture. This use was certainly consistent with the condition and character of the property at the time. Indeed, the property was zoned agricultural. There is no evidence before the Court showing the rental value of pasture land during that period of time.

Notwithstanding the foregoing, in attempting to do equity, I find that the real estate certainly had some rental value, and I will offset this against the claims made by the defendants for proportionate reimbursement of real estate taxes paid and costs of improvement and maintenance of the property during the time they were in exclusive possession. Accordingly, I am denying the Complainants' claim for rent and the Defendants' claim for reimbursement.