COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


LYNDA L. GALLIGAN
                                        MEMORANDUM OPINION[*]
v.   Record No. 1406-97-4                    PER CURIAM
                                         DECEMBER 9, 1997
   WILLIAM P. GALLIGAN


          FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                      Richard B. Potter, Judge

          (Lynda L. Galligan, pro se, on brief).

          No brief for appellee.


     In this domestic relations matter, Lynda L. Galligan appeals

from the decision of the circuit court on issues related to the

distribution of property.  She contends that the trial judge

erred by (1) denying her motion to recover from William P.

Galligan, her husband, the rental value of the former marital

residence for the period after entry of the final decree of

divorce until foreclosure on the property; (2) ruling that the

April 23, 1996 decree of divorce was a final order; (3) failing

to value all marital assets; and (4) failing to find husband

guilty of contempt.  Upon reviewing the record and opening brief,

we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule

5A:27.

     The parties were divorced by decree entered April 23, 1996.

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

The decree stated that neither party sought spousal support or a share of retirement benefits, and the decree distributed the parties' other property. The decree ordered wife to sell the former marital residence and granted husband exclusive possession of the residence with sole responsibility for the mortgage payments. The decree further recited the following:

> And this cause is continued for the purpose of entering any additional orders necessary to effectuate and enforce this order pursuant to Section 20-107.3.K.

Both parties endorsed the decree without exceptions.

### Fair Market Rent

Although the final decree of divorce awarded husband sole possession of the residence, the final decree contained no provision for the payment of rent. Cf. Gaynor v. Hird, 15 Va. App. 379, 382, 424 S.E.2d 240, 242 (1992) (ruling that the wife who shared mortgage expenses for former marital residence was due rent from the husband who was in exclusive possession of property). However, the husband was solely charged with paying the mortgage. The wife noted no exceptions to the decree, and the record does not support her contention on appeal that she objected to the award. Because the husband was charged with the financial obligation of the mortgage, we cannot say that the trial judge erred in refusing to hold the husband liable to the wife for the payment of rent.

2

## Final Decree

The wife contends that the trial judge erred in finding that his April 23, 1996 decree was a final order. We disagree. The wife noted no exceptions to the decree at the time it was entered and did not seek to modify or appeal the decree. The trial judge could modify the decree only within twenty-one days of its entry. See Rule 1:1 ("[A]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated or suspended for twenty-one days after the date of entry, and no longer."). Although the trial judge retained authority pursuant to Code § 20-107.3(K) to enter further orders to implement the sale of the marital residence, this authority did not affect the finality of the decree as to matters resolved in the decree and to which the parties preserved no objections.

## Valuing Marital Assets

The wife also contends that the trial judge erred in his April 23, 1996 decree by failing to value all of the marital assets. The wife waived her right to challenge provisions of the April 23, 1996 order by failing to preserve any objections at the time the order was entered. See Rule 5A:18 ("[N]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of

3

justice."). Thus, the wife is barred from challenging on appeal aspects of the equitable distribution decision to which she did not object. Moreover, she has not demonstrated grounds sufficient to justify review under either the good cause or ends of justice exceptions to Rule 5A:18.

### Contempt

The wife contends that the trial judge erred by failing to find the husband in contempt for his failure to pay the mortgage prior to foreclosure. However, the wife made no argument supporting this contention. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Therefore, we do not address this issue.

Accordingly, the decision is summarily affirmed.

Affirmed.

4