COURT OF APPEALS OF VIRGINIA

Present:   Judges Clements, Felton and McClanahan
Argued at Alexandria, Virginia


ANTHONY A. MORRIS

                                        MEMORANDUM OPINION[*] BY
v.        Record No. 3173-03-4           JUDGE JEAN HARRISON CLEMENTS
                                           SEPTEMBER 14, 2004
JACQUELINE E. MORRIS


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Gaylord L. Finch, Jr., Judge

Peter M. Fitzner (Matthews, Snider, Norton & Fitzner, on brief), for
appellant.

No brief or argument for appellee.


Anthony A. Morris (husband) appeals from an order of the trial court distributing funds from the post-divorce sale of the parties' former marital residence. On appeal, husband contends the trial court erred in equally dividing the proceeds of sale of the former marital residence without conducting an evidentiary hearing to determine whether he was entitled to contribution from Jacqueline E. Morris (wife) for his post-divorce expenses related to the property. For the reasons that follow, we reverse the judgment of the trial court and remand for further proceedings.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

The relevant facts in this appeal are not in dispute.  The parties were divorced pursuant to a final decree of divorce entered by the trial court on December 11, 2001.  In that decree, the trial court found the marital residence was jointly owned marital property, valued the property at $327,000, determined the indebtedness on the property amounted to $142,305, and concluded that the marital equity in the property was "approximately $160,695."  Recognizing that husband had made mortgage and other payments on the property since the separation of approximately $20,000, while having the convenience of living in the property, the trial court ordered that husband be given a credit of $7,000 "off the top of any sale."  The trial court appointed a commissioner of sale and directed that he proceed with the sale of the property "as soon as possible."  The decree further provided that wife was responsible for paying seventy-five percent of the costs of the commissioner of sale and the husband twenty-five percent.  The decree then ordered that the "net proceeds of sale, less the $7,000 credit due to [husband], shall be equally divided between the parties."

Thereafter, following numerous unsuccessful efforts by the commissioner of sale to gain access to the property from wife, who occupied it, in order to inspect it in preparation of listing it for sale, the trial court issued a show cause against wife for her failure to comply with its orders regarding the sale.  After several hearings, the trial court found wife in contempt of court and ordered her to vacate the property.  When wife failed to do so, the trial court entered a writ of possession ordering her removal from the property.

The property was sold on May 5, 2003, for the gross sales price of $360,000.  The commissioner of sale transferred the net settlement proceeds of $184,925.37 to the clerk of the trial court.

On June 18, 2003, husband filed a "Proposed Distribution of Proceeds from Sale of Marital Residence."  On September 25, 2003, husband filed a praecipe placing the matter on the docket, by

- 2 -

agreement of counsel, for a hearing "on the issues of distribution of proceeds of the sale of the former marital residence." At the hearing on November 13, 2003, husband's attorney told the trial judge that, after the payment of fees and costs provided for in the final decree, the clerk was holding $149,056.62 for the benefit of the parties. Husband's attorney explained the parties were before the court to determine how to distribute the remaining proceeds of sale. He stated there were two issues before the court: (1) an accounting of the proceeds and appropriate contribution based on the expenses husband incurred post-divorce as a result of wife's failure to comply with the final decree of divorce and other decrees entered to effectuate the sale of the property and (2) reimbursement to husband for the value of personal property awarded to him in the divorce decree that he never received.

During his opening statement, husband's attorney tendered to the trial judge an "exhibit book" and told the judge that husband, in seeking an accounting and contribution as a tenant in common from wife's share of the proceeds from the sale of the property, was prepared to testify to the following: that, from the date of the final decree of divorce until the date of the settlement, husband paid all of the mortgage payments on the property, in the amount of $28,571; that, as a result of the contemptuous actions of wife, husband had to pay landscaping expenses of $1,780, repair costs of $1,000, and locksmith expenses of $734.53 to enter the property and make it ready for sale; that, because wife failed to pay them, homeowner's association dues, fines, penalties, and fees incurred during wife's occupancy of the property in the amount of $1,687.28 were paid at settlement; that two liens filed against the property after the divorce representing debts, solely in wife's name, of $7,792.75 were paid at settlement; and that husband incurred post-divorce attorney's fees related to the sale of the marital home in the amount of $4,467. Husband also claimed he was owed $23,450 from wife for personal property awarded to him in the divorce decree that he never received and was unable to recover.

Wife's attorney argued that the divorce decree had already determined the issues raised by husband, including the distribution of the proceeds of sale. Moreover, the property had not diminished in value because of wife's actions, he argued, having sold for $25,000 more than the value assigned it in the divorce decree. He opined that the increase in value was "substantially more than the mortgage payments that were paid by [husband]." He urged the trial court to enter an order "disposing of the $149,056.62 equally."

Husband's attorney responded that splitting the proceeds equally would create a windfall for wife at the expense of husband, who incurred significant additional expenses during the nearly seventeen months following the divorce and prior to the sale, and would "reward[] her for her misconduct."

Stating that one "could argue that it kind of turns out to be a wash" and that "the house appreciated because of [wife's] avoidance . . . of accepting the inevitable," the trial judge ruled:

> As far as the proceeds from the sale of the house, I'm inclined to just split them equally.
>
> The issue really is the amount of the value of the personal property in the decree.

The trial court then instructed husband's attorney to present evidence "limited to the personal property issue."

At the conclusion of the presentation of evidence on the personal property, husband's attorney again argued that husband was prepared to present evidence to support his request for contribution against wife for his post-divorce expenses related to the former marital residence. Acknowledging that the value of the marital residence "went up," which "help[ed] to alleviate some" of wife's windfall, husband's attorney concluded that the increase in the value of the house did not "make [husband] whole."

- 4 -

Rejecting husband's argument, the trial court ordered, "[a]s [it] had indicated previously," that the proceeds of the sale of the marital residence were to "be divided equally between the parties," less a $10,000 credit to husband for the value of the personal property awarded to him that he did not receive.[1]  The trial court entered an order memorializing its ruling on November 13, 2003.

This appeal followed.

## II.  ANALYSIS

Husband appeals the trial court's decision to equally distribute the proceeds of the sale of the parties' former marital residence without conducting an evidentiary hearing to determine whether he was entitled to contribution.  Husband asserts that, as a tenant in common with wife following their divorce, he was entitled to an accounting and a ratable contribution from wife's share of the proceeds for encumbrances he discharged upon their common property following the divorce.  He argues that, if proven through an evidentiary hearing, the claims he proffered at the November 13, 2003 hearing would establish his right to contribution.  He further argues that the trial court's failure to hear and consider his evidence of such encumbrances resulted in an unjust windfall to wife.  Thus, he concludes, the trial court erred in equally dividing the proceeds of sale of the former marital residence without conducting an evidentiary hearing to determine whether he was entitled to contribution from wife's share of the proceeds of sale of the marital residence for his post-divorce expenses related to the residence.[2]  We agree.

---

[1] Neither party challenges the trial court's ruling regarding the personal property.

[2] Husband also argues on appeal that the trial court's failure to hear and consider his evidence amounted to a denial of his right to due process of law.  However, husband conceded at oral argument that he did not raise this argument before the trial court.  Thus, we will not consider it for the first time on appeal.  See Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (holding that we will not address an issue, even a constitutional claim, raised for the first time on appeal); Rule 5A:18.

Upon their divorce, the parties owned the marital residence and, thereafter, the proceeds of its sale as tenants in common. See Code § 20-111. Code § 8.01-31 provides that "[a]n accounting in equity may be had against any fiduciary or by one joint tenant, tenant in common, or coparcener for receiving more than comes to his just share or proportion, or against the personal representative of any such party." Likewise, the "doctrine is firmly established that a co-tenant who discharges an encumbrance upon the common property is entitled to ratable contribution from his co-tenant." Jenkins v. Jenkins, 211 Va. 797, 799, 180 S.E.2d 516, 518 (1971). Tenants in common are "ratably responsible for taxes and other liens against the property." Id. at 800, 180 S.E.2d at 518. Under certain circumstances, a co-tenant may be accountable for reasonable rental value for the exclusive use and occupancy of the property and for repairs and improvements to the property. See Gaynor v. Hird, 15 Va. App. 379, 381-82, 424 S.E.2d 240, 242-43 (1992). Moreover, we have recognized that the remedy set forth in Code § 8.01-31 is applicable within post-divorce proceedings. See Traylor v. Traylor, 19 Va. App. 761, 765-66, 454 S.E.2d 744, 747 (1995); Gaynor, 15 Va. App. at 381-82, 424 S.E.2d at 242-43.

Husband's request for an accounting and contribution was an issue of an evidentiary nature. Nevertheless, on this issue, the hearing consisted primarily of a dialogue between the judge and counsel. We have said that, when neither party objects to this procedure, "we accept the dialogue as 'proffered testimony.'" Albert v. Albert, 38 Va. App. 284, 290, 563 S.E.2d 389, 392 (2002). Furthermore, "we realize many trial issues are resolved with proffered evidence." Id. at 302 n.1, 563 S.E.2d at 398 n.1. Here, however, husband repeatedly objected to the trial court's determination of the issue without the opportunity to present his evidence.

The record before us clearly establishes wife's contumacious conduct in failing to comply with the trial court's orders respecting the sale of the marital residence. Certainly, had husband presented sufficient evidence of his claims for post-divorce mortgage payments; lien payments,

- 6 -

which were a shared obligation with or sole obligation of wife; and payments for repairs and improvements, he was entitled to a ratable contribution and, thus a determination whether, in fact, wife, in getting an equal share of the proceeds of sale of the marital property was "receiving more than comes to h[er] just share or proportion."  Code § 8.01-31.  "This comports with the plain requirement of justice."  Gaynor, 15 Va. App. at 382, 424 S.E.2d at 242.  The trial court, therefore, erred in denying husband an evidentiary hearing on this issue.

Accordingly, we reverse the judgment of the trial court and remand for proceedings consistent with this opinion.

Reversed and remanded.