COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Petty and McCullough
Argued at Lexington, Virginia


PHILLIP S. GRIFFIN, II

v.       Record No. 1791-11-4

KATHRYN O. GRIFFIN, N/K/A
 KATE OBENSHAIN

MEMORANDUM OPINION* BY
JUDGE ROBERT J. HUMPHREYS
MAY 29, 2012


FROM THE CIRCUIT COURT OF THE CITY OF WINCHESTER
Thomas A. Fortkort, Judge Designate

Walter C. Jacob for appellant.

William E. Shmidheiser, III (Lenhart Obenshain, PC, on brief), for
appellee.


Phillip S. Griffin ("husband") appeals the August 11, 2011 final order of the Circuit

Court of the City of Winchester ("circuit court") related to his divorce from Kathryn O. Griffin

("wife").[1] On appeal, husband contends that the circuit court erred (1) in not awarding the wife's

two IRAs to the husband given that the husband made all contributions to both accounts, there

was no evidence that the husband gifted these contributions to the wife, and the wife admitted

that she received no gifts, (2) in dividing the SEP IRA equally in that it committed the same error

previously reversed by the Court of Appeals by dividing the SEP IRA equally and not giving the

husband credit for the rollover account or any separate contributions and the circuit court having

ruled in 2008 that this SEP IRA was the husband's separate property and reversed itself in the

ruling of 2011, notwithstanding that this issue had never been raised by the wife in the previous

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Kathryn has since changed her name to Kate Obenshain.

appeal, (3) in failing to properly calculate child support by imputing more income to the husband for child support purposes than the amount previously imputed, by basing calculations on husband's gross income and wife's net income, by failing to utilize the shared custody guidelines in calculating child support, and by failing to make written findings as to why the shared guidelines were not utilized, (4) by failing to include in its order any reference whatsoever to the division of the personal property of the parties and failing to properly and equitably divide the personal property of the parties, (5) in ordering the parties, post-divorce, to pay the mortgage payments for both 318 and 312 West Leicester Street, in equal amounts from October 2008 until August 2011 and thereafter failing to give husband credit for the larger payment that the husband was required to make when ordering the division of the two properties, (6) in failing to order that the marital debts be divided equally and requiring the husband to pay 100% of the joint marital debts without giving him credit for same, and (7) in failing to give the husband full credit for the down payments made on both 312 and 318 West Leicester Street. For the reasons that follow, we affirm the judgment of the circuit court.

I. Background

Since the parties are familiar with the record in this case and this is an unpublished memorandum opinion that has no precedential value, we do not recite all of the facts of this case. However, we feel compelled to address the extensive pattern of failures on behalf of both parties to comply with the Rules of the Court of Appeals of Virginia in connection with this appeal. This is the second time this case has reached this Court. The preparation of the case for the first appeal was so poor that we held that husband had defaulted several of the issues on appeal and opined:

> "Despite the willingness of the [husband] to file motion after
> motion in the trial court, [he was] apparently unwilling to expend
> the effort required to research several of the issues that [he raises]
> in this appeal . . . . The 'throw everything at the wall and hope

- 2 -

something sticks' approach utilized in this appeal is as unappreciated as it is ineffective. If [husband was] unable to find legal support for [his] questions presented . . . [he] should not have included those questions presented in [his] brief.

Appellate courts are not unlit rooms where attorneys may wander blindly about, hoping to stumble upon a reversible error. If the [husband] believed that the circuit court erred, it was [his] duty to present that error to us with legal authority to support [his] contention."

Griffin v. Griffin, No. 2810-08-4 (Va. Ct. App. Dec. 29, 2009) (quoting Fadness v. Fadness, 52 Va. App. 833, 850, 667 S.E.2d 857, 866 (2008)). Despite this admonishment, the level of appellate advocacy has not improved for the instant appeal. The emotionally draining nature of this case and the protracted nature of the litigation, due in no small part to the many frivolous claims made by husband, has no doubt left the parties and their lawyers exhausted, but this does not excuse the failure to comply with the Rules of Court. This failure has not only affected our ability to reach the merits of several of the issues, but it has a negative impact on the operation of our judicial system as a whole. "In order to give fair consideration to those who call upon us for justice, we must insist that parties not clog the system by presenting us with a slubby[2] mass of words rather than a true brief. Hence we have briefing rules." N/S Corp. v. Liberty Mut. Ins. Co., 127 F.3d 1145, 1146 (9th Cir. 1997).

Husband, as appellant in this appeal, is obligated to structure his brief in accordance with Rule 5A:20. He failed to do so. Specifically, husband's brief fails to comply with Rule 5A:20(d) that requires the appellant to include a "clear and concise statement of the facts that relate to the assignments of error, with references to the pages of the transcript, written

---

[2] Webster's Dictionary defines a "slub" as "a muddy or slushy mess" or "a soft uneven section in yarn caused accidentally by knotting during winding or by the inclusion of lint during spinning or intentionally by the twisting of two or more strands at different speeds or by the inclusion of short fibers during spinning." Webster's Third New International Dictionary 2147 (1993). Although it is unclear which definition the Ninth Circuit was referencing in that case, we think that both definitions are fitting in this instance.

statement, record, or appendix." The rule goes on to require that, "[w]hen the facts are in dispute, the brief shall so state." Id. The statement of facts is laced with argument improper for that section of the brief, presents a woefully inadequate account of the factual development below, and represents numerous "facts" which were very much in dispute during the proceedings below without recognizing that fact.

Husband's brief also fails to conform to Rule 5A:20(e), which requires the appellant's brief to include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Husband does reference the standard of review on brief; however, he does so by simply citing to cases, often unpublished,[3] instead of noting what the standard actually is in his brief. The standard of review for a case of this nature has been cited in countless published opinions, and we find it troubling that husband could not muster the time or effort to locate and recite binding authority for such basic propositions.

However, husband's poorly crafted brief was only the tip of the procedural iceberg in this case. The appendix, which the appellant must file under Rule 5A:25, consisted of seven volumes, spanning over two thousand pages. While the appendix contained countless pages of testimony and documents that were not germane to this appeal, see Rule 5A:25(g), it failed to include many relevant documents,[4] including the previous opinion of this Court that was essential to this appeal, since it was the reason the case was remanded. See Rule 5A:25(c)(2). Furthermore, while the appendix included a multitude of transcripts from the many hearings in

---

[3] We note that while Rule 5A:1(f) permits citing unpublished cases "as informative," they "shall not be received as binding authority." See also Kidder v. Va. Birth-Related Neurological Injury Comp. Program, 37 Va. App. 764, 775 n.3, 560 S.E.2d 907, 912 n.3 (2002) ("We are not bound by prior unpublished decisions of this Court.").

[4] It appears that many of the documents were admitted in what amounts to a "document dump" without any foundation or explanation that would provide a context for their relevance to particular issues.

this case, many of them, including the transcripts of the hearings on remand, consisted entirely of piecemeal compilations of testimony taken out of context. This resulted in several instances where it was confusingly unclear who was even testifying. See Rule 5A:25(c)(5). The end result was an appendix that was so bloated, yet at the same time incomplete and disjointed, that we were unable to fully consider a number of the issues on appeal.

## II. Analysis

We first review the merits of those assignments of error that are not procedurally defaulted. We begin our analysis where husband should have, by noting the applicable standard of review: "[a] decision involving the equitable distribution of marital property 'rests within the sound discretion of the trial court,' and can be overturned only by a showing of an abuse of that discretion." Owens v. Owens, 41 Va. App. 844, 853, 589 S.E.2d 488, 493 (2003) (quoting Mir v. Mir, 39 Va. App. 119, 125, 571 S.E.2d 299, 302 (2002)). "'[A] trial court by definition abuses its discretion when it makes an error of law.'" Id. (quoting Shooltz v. Shooltz, 27 Va. App. 264, 271, 498 S.E.2d 437, 441 (1998)). Thus, a court "abuses its discretion by failing 'to consider the statutory factors required to be part of the decisionmaking process.'" Id. (quoting Congdon v. Congdon, 40 Va. App. 255, 262, 578 S.E.2d 833, 836-37 (2003)).

## A. SEP IRA

Husband contends that the circuit court erred in dividing his SEP IRA equally and not giving him credit for his contributions of separate property. Because wife did not appeal the circuit court's finding that the SEP IRA was separate property in the original final order, husband argues that the circuit court was prevented from changing the classification of the property on remand under the "law of the case" doctrine. However, husband misinterprets the application of this legal doctrine.

In Miller-Jenkins v. Miller-Jenkins, 276 Va. 19, 661 S.E.2d 822 (2008), the Supreme

Court explained the "law of the case" doctrine:

> The "law of the case doctrine" is well established in the courts of
> this Commonwealth.  Under this doctrine, "[when] there have been
> two appeals in the same case, between the same parties, and the
> facts are the same, nothing decided on the first appeal can be
> re-examined on a second appeal.  Right or wrong, it is binding on
> both the trial court and the appellate court, and is not subject to
> re-examination by either.  For the purpose of that case, though only
> for that case, the decision on the first appeal is the law."

Id. at 26, 661 S.E.2d at 826 (quoting Steinman v. Clinchfield Coal Corp., 121 Va. 611, 620, 93

S.E. 684, 687 (1917)).

It is clear that the "law of the case" doctrine does not apply to the facts of this case.  Here,

husband appealed the circuit court's equitable distribution to the Court of Appeals.  In this

Court's December 29, 2009 opinion, we "reverse[d] the trial court's equitable distribution

determination *in whole*.  We [did] so because the equitable distribution order, which [was] part

of the final decree of divorce, [was] so unclear that we [could not] determine from its four

corners how precisely the marital estate was classified, valued, or distributed."  Griffin, No.

2810-08-4 (emphasis added).  Because we reversed the equitable distribution determination in

whole, the SEP IRA was no longer classified as separate property, and the circuit court was free

to reclassify it as marital property on remand.

### B.  Child Support

Husband argues that the circuit court erred in calculating the child support obligation,

because it failed to use the shared custody guidelines despite having done so in the final decree

of divorce.  However, this argument is without merit.

Because we previously reversed the spousal support obligation on appeal, the child

support obligation needed to be recalculated on remand.  Husband argues that the circuit court

was obligated to use the shared custody guidelines on remand, because that was what the circuit

court used in the final decree of divorce. Furthermore, husband contends that the shared custody guidelines must be used regardless, because he gets 125 days of visitation, thus bringing him under the shared custody statute. However, husband's calculation is incorrect, as the record reflects that he does not exceed the 90 days of visitation required under Code § 20-108(G)(3) to qualify for shared custody support. It is clear from the final order in the case that wife was awarded sole custody of the children. In fact, we affirmed that decision previously on appeal. See Griffin, No. 2810-08-4. Therefore, the circuit court was not required to use the shared custody guidelines for child support on remand.

Husband also argues that the circuit court erred in its child support calculation, because it used the gross income of husband and the net income of wife. The circuit court stated that it would use the gross income for both parties based on their tax returns. While the appendix includes husband's tax returns, it does not include wife's tax return, and husband fails to cite to any part of the record where it is contained. On appeal, it is husband's burden to provide a record upon which this Court can establish that the circuit court erred, see Lawrence v. Nelson, 200 Va. 597, 598-99, 106 S.E.2d 618, 620 (1959), and based on the poor quality of the record provided, it is impossible for us to discern any error. Therefore, we cannot say that the circuit court's determination was plainly wrong or without evidence to support it.

### C. Personal Property

Husband next alleges that the circuit court "abused its discretion by failing to rule upon the personal property of the parties." In fact, the record indicates that the circuit court did rule upon the disposition of the personal property of the parties. The circuit court made an oral ruling from the bench, recorded in a written transcript and referenced in the final order, which stated in pertinent part:

> Mr. Griffin removed from the marital abode one half of the marital property and his separate property. The personal property left in

the house was estimated to be a bit over $7,000 according to Appraiser Heatwole.

The testimony of Mrs. Griffin, that is, Phil Griffin's mother, that Phil Griffin had several valuable antiques prior to the marriage doesn't help set any values. The only property that Phil Griffin claimed was his separate property was turned over by Ms. Obenshain as a result of a prior finding in this case.

The grandparents were indeed generous with many gifts to the couple and particularly their children. The evidence is clear that Phil Griffin meticulously divided the marital property, down to separating candlestick sets, dishes, pots and other relatively minor assets of the marriage.

Ms. Obenshain had to seek the aid of friends to bring her furnishings back to normal after Phil's removal of various items from the marital home. The testimony of his mother as to expensive wedding gifts was too general to assess values and did not include the wear and tear of this relatively long-term marriage.

The observation of the guardian that the home of Ms. Obenshain and her children was well appointed is of no value. It is the position of the Court that the personal property of the parties was equitably divided and no further decision is warranted.

"On appeal, we view the evidence in the light most favorable to the prevailing party." Ranney v. Ranney, 45 Va. App. 17, 31, 608 S.E.2d 485, 492 (2005). Further, "the trial court's classification of property is a finding of fact, [so] that classification will not be reversed on appeal . . . [because] it is [not] plainly wrong or without evidence to support it." Id. at 31-32, 608 S.E.2d at 492.

Husband also argues that the "court failed to consider the testimony and documents submitted to the court and ignored [his] evidence substantiating to [sic] personal property."[5] Husband again misstates the facts. As shown above, the circuit court did consider his evidence.

_____

[5] In support of his assertion, husband cites only to Didio v. Didio, No. 0204-07-2 (Va. Ct. App. Dec. 18, 2004), an unpublished opinion from this Court. As we have previously noted, "[w]e are not bound by prior unpublished decisions of this Court." Kidder, 37 Va. App. at 775 n.3, 560 S.E.2d at 907 n.3.

However, the circuit court simply did not find it credible over the evidence submitted by wife. See Ware v. Ware, 203 Va. 189, 195, 123 S.E.2d 357, 361 (1962) ("We have many times said that upon a hearing before a judge sitting without a jury, his finding upon the credibility of the witnesses and the weight to be given their testimony stands on the same footing as the verdict of a jury and should not be disturbed on appeal unless plainly wrong or without evidence to support it.").

### D. Post-Divorce Mortgage Payments

Husband next asserts that the circuit court erred in failing to award him credit for post-divorce mortgage payments towards what the parties refer to as "the 318 house." Husband cites to Gaynor v. Hird, 15 Va. App. 379, 424 S.E.2d 240 (1992), in support of his argument. In Gaynor, this Court found that a circuit court was in error when it declined to award a wife rent from her husband when he continued to reside in the formal marital residence to the exclusion of the wife despite the fact that they owned the residence as tenants in common. Id. at 381, 424 S.E.2d at 242. However, that case does not apply to the case at bar. In this case, the context of the issue arose during equitable distribution, which was not the case in Gaynor. As such, there are other factors to consider, which is exactly what the circuit court did.

The circuit court expressly declined to award husband a credit for the payments, reasoning that "[b]oth parties benefited by the closeness of the houses because it made visitation and contact with the children an easy transition. The prior Court ruling was to maintain the status quo of the real property pending final resolution of the case." This is perfectly acceptable under Code § 20-107.3(E)(10) which "allows the court to consider '[t]he *use* or expenditure of marital property by either of the parties for a nonmarital separate purpose or the dissipation of such funds, when such was done . . . after the last separation of the parties.'" McIlwain v. McIlwain, 52 Va. App. 644, 653-54, 666 S.E.2d 538, 543 (2008) (emphasis in original) (quoting

Code § 20-107.3(E)(10)).  Thus, the circuit court was merely factoring the payments into the overall distribution of the marital estate.

### E.  Marital Debt

Husband next argues that the circuit court erred in failing to award him credit for marital debts he paid for after the parties separated.  His argument is again premised on the application of the "law of the case" doctrine.  However, as discussed in Section II.A of this opinion, the law of the case doctrine does not apply to this case, because we remanded the equitable distribution in whole.  As such, on remand the circuit court was free to distribute the marital debts as it found to be equitable.

### F.  Procedurally Defaulted Assignments of Error

Finally, we decline addressing the merits of husband's remaining assignments of error, as husband has defaulted them due to his failure to comply with the Rules and procedures of this Court.[6]  It is well established that "'[a]bsent clear evidence to the contrary in the record, the judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts.'"  Caprino v. Commonwealth, 53 Va. App. 181, 184, 670 S.E.2d 36, 37-38 (2008) (quoting Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977)).  Therefore, "[a]n appellant who seeks the reversal of a decree on the ground that it is contrary to the law and the evidence has the primary responsibility of presenting to this court, as a part of the printed record, the evidence introduced in the lower court, or so much thereof as is necessary and

---

[6] Specifically, we do not address husband's assignment of error that "[t]he trial court erred in not awarding the wife's two IRAs to the husband given that the husband made all contributions to both accounts, there was no evidence that the husband gifted these contributions to the wife, and the wife admitted that she received no gifts."  Husband failed to provide an adequate appendix from which this Court can fully consider the merits of the assignment of error.  As this issue is highly factual in nature, husband's failure to provide us with an adequate appendix is so substantial as to default this assignment of error on appeal.  Likewise, we are unable to consider husband's assignment of error that "[t]he trial court erred in failing to give the husband full credit for the down payments made on both 312 and 318 West Leicester Street."

- 10 -

sufficient for us to give full consideration to the assignment of error." <u>Lawrence</u>, 200 Va. at 598-99, 106 S.E.2d at 620.

Rule 5A:25, as discussed in Section I of this opinion, requires appellant to file an appendix that "should generally contain everything relevant to the questions presented [now assignments of error]." <u>Reid v. Commonwealth</u>, 57 Va. App. 42, 49, 698 S.E.2d 269, 272 (2010). While "'[t]he Court of Appeals may . . . consider other parts of the record,'" <u>id.</u> at 49, 698 S.E.2d at 272 (quoting Rule 5A:25(h)), the Court is under no obligation to do so, and we have not hesitated, when appropriate, to hold that an appellant has defaulted his argument when an appendix is woefully deficient. <u>See</u> <u>Thrasher v. Burlage</u>, 219 Va. 1007, 1009-10, 254 S.E.2d 64, 66 (1979); <u>Patterson v. City of Richmond</u>, 39 Va. App. 706, 718, 576 S.E.2d 759, 765 (2003). This is because

> The appendix is a tool vital to the function of the appellate process in Virginia. Without it, the [judges] of this Court would have to pass the original record from one to the other. Much of the contents, though material at trial, may be utterly irrelevant to the issues posed on appeal. By requiring the publication and distribution of an appendix which excludes all irrelevancies, the Rules of Court expedite the adjudication of the appeal and reduce the costs. By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice.

<u>Thrasher</u>, 219 Va. at 1009-10, 254 S.E.2d at 66. We have also noted that this Court "will not search the record for errors in order to interpret [husband's] contention and correct deficiencies in a brief." <u>Buchanan v. Buchanan</u>, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [husband's] claims." <u>Fitzgerald v. Bass</u>, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

In this case, the record consisted of four boxes filled with thousands of pages of documents. The nature of the record in a case like this increases the difficulty of dealing with

the logistics of sharing the record among three judges of this Court. Thus, it was critical that husband file an appendix that "contain[ed] everything relevant to the questions presented [now assignments of error]" in this case. Reid, 57 Va. App. at 49, 698 S.E.2d at 272. As husband failed to do so, and the result had a substantial impact on our ability to rule on the merits of the remaining arguments, we hold that he has defaulted his remaining arguments.

### G. Attorneys' Fees

Both husband and wife request attorneys' fees on appeal. We decline husband's request as he did not prevail on appeal. Further, we decline wife's request, as the quality of her advocacy on appeal does not warrant such an award.

Just as Rule 5A:20 governs appellants' briefs, Rule 5A:21 provides certain requirements for the briefs of appellees. Rule 5A:21(b) requires "[a] statement of the case if the appellee disagrees with the statement presented by the appellant," and Rule 5A:21(c) requires "[a] statement of the facts necessary to correct or amplify the statement in the brief of appellant with appropriate references to the pages of the transcript, written statement, record, or appendix." wife's statement of facts states general assertions that the facts presented by husband are incorrect but provide no references to the record where verification of her statements can be found. Moreover, wife combines her statement of facts with argumentative assertions and proceeds to lay out an entire argument that the issues on appeal are moot as a preface. This is not a statement of the case or facts and should be presented in the argument section of her brief. Furthermore, wife's statement of the facts recounts numerous facts that are not relevant to any of the issues in this appeal, including a full inventory of every hearing that the circuit court held in this proceeding detailing the date and every person who testified at each hearing.

Wife's statement of the facts also includes a lengthy discussion about matters entirely outside the appendix and record in this case concerning the circuit judge who presided over the

proceedings below. This discussion questions the circuit judge's commitment to efficiently resolving the case. Such an accusation is needless and inappropriate to include on brief unless it is relevant to an actual issue on appeal, which was certainly not the case here.

Wife's brief also fails to comply with Rule 5A:21(d), which requires the appellee to include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Instead of providing the appropriate standard of review for each assignment of error, wife simply quotes a portion of the previous opinion this Court handed down in this case. However, that opinion was unpublished, and thus suffers from the same problem as many of the authorities relied upon in husband's brief. In addition, wife's brief fails to point us to the specific portions of the appendix that support the trial court's factual findings and legal conclusions relevant to the issues raised by husband. Wife often fails to cite to any cases or statutes to support her argument. Finally, the certificate required by Rule 5A:21(g) provided by wife does not contain all of the information required under that Rule.

For all of these reasons we do not find it appropriate to award appellate attorney's fees to wife.

### III. Conclusion

For the reasons stated, we cannot conclude that the circuit court erred in its equitable distribution and child support rulings, and we therefore affirm the judgment below.

<u>Affirmed.</u>