Richmond

ARTHUR LINWOOD TRAYLOR, JR.

v.

KARYL STACY TRAYLOR

No. 2490-93-2

Decided February 28, 1995

762

COUNSEL

Terry L. Van Horn, for appellant.

Jennifer P. Rosenberg (Brian K. Miller on brief), for appellee.

OPINION

**BENTON, J.**—This is the second appeal from a monetary award in this domestic relations case. In the first appeal, this Court affirmed the awarding of a divorce based on the parties' voluntary separation and reversed the monetary award. The husband, Arthur Linwood Traylor, Jr., contends that the trial judge again erred in setting the monetary award. In particular, he contends the trial judge erred in valuing several items of marital property and failing to include the value of savings bonds in marital property. We again reverse the monetary award and remand this case to the trial judge.

I.

The husband argues that the trial judge erred in valuing his interest in B.L.T. Associates, a partnership that owned a parcel of commercial real estate. The record establishes that prior to the parties' separation, the husband's partnership interest was 50% of the partnership. The 2.553 acre parcel that the partnership owned contained one building. Following the filing of the divorce bill of complaint, the partnership constructed a second building on the land. After the first evidentiary hearing and before the final divorce decree, the partnership dissolved. The husband purchased his former partner's interest for $49,700 and agreed to assume an existing mortgage balance of $102,537.18. He obtained a second mortgage in the amount of $93,000 to finance the purchase and to pay for "upkeep of the property."

The husband argues that the trial judge erred in not considering the second deed of trust in the amount of $93,000 when valuing the property. He cites *Trivett v. Trivett*, 7 Va. App. 148, 151, 371 S.E.2d 560, 562 (1988), for the proposition that a trial judge must consider a valid secured indebtedness which creates an encumbrance on property when determining value of property for a monetary award. The husband argues, in effect, that the commissioner erred in using a valuation date that was prior to the husband's acquisition of his partner's partnership interest. The record reflects, however, that during the January 13, 1994 evidentiary hearing, husband's counsel agreed to the earlier valuation date. "The [husband], having agreed upon the action taken by [the commissioner], should not be allowed to assume an inconsistent position." *Clark v. Commonwealth*, 220 Va. 201, 214, 257 S.E.2d 784, 792 (1979), *cert. denied*, 444 U.S. 1049 (1980). In conceding during the remand hearing that the valuation date was appropriate, the husband waived any objection as to the valuation date.

The Commissioner found that the husband's one-half interest in B.L.T. Associates was valued at $51,500. The parties presented evidence of gross value ranging from $185,000 to $250,000. The commissioner arrived at $51,500 as the husband's interest by using a gross value of $215,000, less a deed of trust that the commissioner found to be valued in the amount of $112,000. This finding resulted in a net value of $103,000 for the partnership. The trial judge determined that there was more than sufficient evidence to support the commissioner's findings and confirmed the commissioner's report.

It appears from the record that in arriving at these figures the commissioner erred, however, by using $112,000 as the outstanding balance on the first deed of trust. The record does not support that finding. Although the trial judge was informed that the commissioner used an incorrect figure, the trial judge adopted the findings in making the award. The wife concedes that the value of the mortgage was incorrect. Accordingly, we remand the matter to the trial judge for reconsideration.

## II.

The husband also disagrees with the $40,000 valuation placed on his 50% stock ownership in Virginia Electric and Diesel, Inc. The trial judge classified the stock as marital property and

awarded the wife an amount equivalent to 50% of the husband's interest. The husband argues that the $40,000 valuation is not supported by any evidence. We agree.

The husband's expert, a certified public accountant, valued the husband's stock at $5,583. The wife produced testimony from the other 50% shareholder who valued his one-half interest at $14,128. The trial judge's confirmation of the commissioner's finding that the stock's value was $40,000 is outside the range of evidence presented. No explanation is given for this value. Thus, we conclude that the finding is plainly wrong and contrary to all the evidence offered on the valuation of this asset. *See Bosserman v. Bosserman*, 9 Va. App. 1, 5, 384 S.E.2d 104, 107 (1989). We therefore reverse this ruling and remand this issue to the trial judge.

## III.

In the prior appeal of this case, *Traylor v. Traylor*, No. 0120-91-2 (Va. Ct. App. Dec. 17, 1991), this Court held that the trial judge erred by including the value of certain marital property twice in determining the total value of the marital property. Although the values of the 1985 Chevrolet truck and a 1971 Chevrolet Blazer were included as individual items of marital property in the determination of the total marital property, those vehicles were also included within the category of property described as "Equipment owned by Mr. Traylor, shown on income tax return, taking depreciation." The husband argues that on remand the trial judge again erred in counting these items twice in his valuation of marital property by including these items individually and in retaining the same $45,000 amount as equipment. From a review of the record, it appears that the trial judge again erred in this manner.

The commissioner's report, which the trial judge confirmed, listed the 1985 Chevrolet truck as marital property with a value of $20,620. The commissioner noted that "a portion of [the truck's] contents had been removed by the [husband] between the time he made the appointment to have the truck appraised and the time it was actually appraised and was secreted away by [the husband.]" The commissioner also listed a 1971 Blazer as marital property with a value of $400. In addition, the commissioner listed as marital property "Value of equipment owned by [husband] in Virginia

Diesel and B.L.T. Partnership" and valued that equipment at $45,000. The depreciation schedule for business property includes the "Chevy" truck and totals the value of all property at $45,000.

■ This Court has ruled that when the trial judge fixes a monetary award, he or she need not elaborate on the specific findings; however, the findings must be based upon credible evidence. *Taylor v. Taylor*, 5 Va. App. 436, 444, 364 S.E.2d 244, 249 (1988). Furthermore, appropriate deference must be given to the commissioner's findings where the commissioner heard the witnesses and the trial court did not. *Hurd v. Watkins*, 238 Va. 643, 646, 385 S.E.2d 878, 880 (1989). There is ample evidence in this record for the commissioner to have found that the husband hid and replaced items on the truck to lower the appraisal value. Furthermore, the wife presented evidence of value of some of these missing items. However, the record contains insufficient evidence to support a finding of $45,000 for the value of "bulldozer and other heavy equipment" exclusive of the Chevrolet truck. The value of $45,000 is almost the exact figure taken from the depreciation schedule which identified the "bulldozer, the truck, and other equipment." We again reverse this finding and remand this issue to the trial judge.

## IV.

■ Relying upon *Gaynor v. Hird*, 15 Va. App. 379, 424 S.E.2d 240 (1992), the husband challenges the commencement date of the accounting used to determine the fair market rental value of the parties' property. In *Gaynor*, 15 Va. App. at 382, 424 S.E.2d at 242, we held that the inception date for an accounting for rental value of jointly owned property occupied by one owner is the first calendar month following the date of divorce and the commencement of the parties' tenancy in common.

The commissioner determined monthly rental values and multiplied these figures by 54 months. The final divorce decree was entered on December 20, 1990. The evidentiary hearing on remand was held on January 13 and 14, 1993. Thus, the husband was only responsible for 25 months of rental value, not 54 months as the commissioner and the trial judge determined.

The husband also contends that if the wife is entitled to one-half of the fair market rental value of the marital home, he should

be credited for one-half of the cost of mortgage payments and other maintenance costs, such as taxes, insurance, and improvements to the property as well. The record reflects that the commissioner credited the husband for one-half of $2,636, the mortgage payments paid by the husband after the separation. Although the commissioner divided the value of all of the marital property evenly between the parties and credited the husband with one-half of the post-separation mortgage payments on the marital home, the maintenance costs were not considered.

A review of the record does not reveal whether the commissioner's decision to charge the husband with the maintenance costs was an oversight. The wife testified that the husband failed to properly maintain the property. From the record, it is not evident that the commissioner specifically considered the husband's care and maintenance of the home pursuant to Code § 20-107.3(E)(2) when he decided to credit the husband for all of the maintenance costs. The commissioner made no findings regarding taxes, insurance, and payments for physical maintenance. For this reason, we reverse the trial judge's ruling that confirmed the commissioner's decision to credit the husband only with the mortgage payments.

The husband also challenges the $2,000 monthly rental value assigned to the commercial property. He argues that because of maintenance costs and the property's encumbrance by two deeds of trust, the property had no net rental value. He also argues that the trial judge determined valuation over a period of time when one of the buildings had not yet been constructed. We disagree with the husband's assertions.

The evidence proves that the partnership received rent of $2,895 per month for both buildings. Furthermore, the husband's former partner testified that the husband intentionally refused to lease the property to third parties and actually terminated leases in an effort to reduce income used to pay expenses. Thus, we cannot say that the trial judge abused his discretion in determining a rental value of $2,000 for the commercial property.

## V.

The husband also argues that the trial judge erred in failing to include the value of savings bonds in its determination of marital

property. We agree.

The evidence proved that the wife purchased savings bonds during the course of the marriage. Some of the bonds were titled in the wife's name, and others were titled in her name and the son's name but payable to either the wife or the son. The wife cashed the bonds and used some of the proceeds to purchase a car for the son and to pay a tax liability. The wife also presented conflicting evidence as to whether she used some of the proceeds to purchase the son a truck or whether she obtained a loan to buy the truck. The wife contends the bonds were separate property.

█ Code § 20-107.3(A)(2)(iii) defines marital property as "all other property acquired by each party *during the marriage* which is not separate property as defined above." (emphasis added). "All property acquired by either party during the marriage is presumed to be marital property in the absence of satisfactory evidence that it is separate property. . . . [T]he party claiming property as separate has the burden to produce satisfactory evidence to rebut this presumption." *Rexrode v. Rexrode,* 1 Va. App. 385, 392, 339 S.E.2d 544, 548 (1986) (footnote omitted).

The record established that the savings bonds were acquired by the wife during the course of the marriage. The wife presented no evidence to rebut the presumption that the savings bonds are marital property. Thus, we hold that the savings bonds are marital property. Accordingly, we reverse the trial judge's failure to include the bonds as marital property.

For these reasons, the monetary award is set aside and the matter is remanded to the trial court for further proceedings consistent with this opinion.

*Reversed and remanded.*

Fitzpatrick, J., and Cole, S.J., concurred.