COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Humphreys and Clements
Argued at Alexandria, Virginia


WILLIAM B. ANDERSON

                                                    OPINION BY
v.        Record No. 1602-03-4        CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                    MARCH 16, 2004
ELIZABETH A. ANDERSON


FROM THE CIRCUIT COURT OF PAGE COUNTY
James V. Lane, Judge

Sherwin John Jacobs for appellant.

Robert Scott Janney (Janney & Janney, on brief), for appellee.


The sole issue raised in this domestic appeal by William B. Anderson (husband) is whether the trial court erred in considering the fair rental value of the marital home in determining Elizabeth A. Anderson's (wife's) monetary award. Finding no error, we affirm the judgment of the trial court.

I. BACKGROUND

"On appeal, we construe the evidence in the light most favorable to [wife], the prevailing party below, granting to [her] evidence all reasonable inferences fairly deducible therefrom." Donnell v. Donnell, 20 Va. App. 37, 39, 455 S.E.2d 256, 257 (1995) (citing McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990)).

So viewed, the evidence established that the parties separated in November 1999 when wife moved out of the marital home. This home was a part of a twenty-acre parcel in Page County acquired by the parties in 1992 as tenants by the entirety. In March 1995, after the wife became a defendant in a civil lawsuit, she conveyed title of this property to husband. However, it was undisputed that for equitable distribution purposes, the property remained marital and

subject to classification and consideration as such. The parties were separated for forty-two months prior to divorce, and husband retained sole and exclusive possession of the property during this time. He also rented out portions of the home to at least five different individuals for various periods of time but could not substantiate the amounts of rent paid.[1] In husband's statement of issues filed prior to the *ore tenus* hearing, he stated "the Court must determine what credit, if any, [wife] is to receive from any rents received by [husband] after her departure from the marital residence." An expert appraiser testified at trial that the value of the marital residence was $164,000 and that the rental value of the property was between $600 and $700 per month.

After determining that wife should be granted a divorce based on the parties' separation, the chancellor determined that she was entitled to a monetary award of $48,927.03. The parties stipulated that wife had contributed $35,000 in equity and husband had contributed $30,000 in equity to the property when they acquired it, making their interests 53.85% and 46.15% respectively. Husband contended that wife's equity share should be reduced by one half of all mortgage payments, taxes, and insurance paid during the forty-two months of separation. Wife did not dispute these adjustments, provided that husband was assessed her share of the fair market rental value of the property.

In fashioning the equitable distribution award after determining that wife should be required to pay one half of the deed of trust payments, taxes and insurance, the trial judge turned to a consideration of the rental value and how it should be apportioned. He ruled from the bench as follows:

> Now, when I come to value to place on the rental, I would
> again go to Mr. Dudley (the appraiser). He was asked this

---

[1] The record reflects that the following people rented space in the home during the time husband had exclusive control of the property: David Lippencott, "a young man from the Culinary Institute," Remus Witt, Katie Kyle, Shawn Casey and Richard Earnest.

question. What is the rental value of this property and he said including the real estate, which of course, the husband had the use of and did use. And he ranged the value of rental between $600 and $700 a month on the property.

Now there has been a tremendous amount of testimony in here about who was where and who paid what when. But rather than go into that black hole and trying to calculate specific amounts, what I am going to find, and this was the rental value no matter how many people he had on there [sic], I am going to use that $700 figure. That takes everything into account. And that figure works out to [$29,400], would be the gross value of the rental.

He then allowed wife a credit of $14,700, one half of the rental value of the home, and offset that in his calculations with the $12,445.92 she owed husband for expenses in the home. Taking into account those items along with the other required factors, the trial judge granted wife a final equitable distribution award in the amount of $48,927.03.

The trial court memorialized its findings in the final decree, as follows:

(8) The husband has been in possession of the marital residence and the 20 acres associated with same during the separation of the parties to the exclusion of the wife; has rented portions of the property at various times to third parties; the fair rental value of the marital residence and the twenty acres is $700 per month; accordingly the wife is entitled to a credit of $14,700 as the fair value of one-half of the rental of the property for the reasons more fully stated by the Court in announcing its oral decision in this matter.

## II. EQUITABLE DISTRIBUTION AWARD

Because the parties stipulated that the residence was marital, the sole issue on appeal is whether the trial court erred in awarding wife a credit for the fair rental value of the property as part of its equitable distribution award. Husband's argument is twofold. First, he contends that this case is really an accounting in equity governed by Code § 8.01-31, which requires one co-tenant to account for rent to another only if the requesting co-tenant had made a previous demand for rent. Second, he argues that although the case law governing the award of fair rental

- 3 -

value of jointly owned property after divorce generally supports such an award, an award of rental value is not justified in this case because husband held sole title to the property. We disagree.

When making an equitable distribution award, "the court distributes the property to the parties, taking into consideration the factors presented in Code § 20-107.3(E)." Gottlieb v. Gottlieb, 19 Va. App. 77, 93, 448 S.E.2d 666, 676 (1994). "A decision regarding equitable distribution rests within the sound discretion of the trial court and will not be disturbed unless it is plainly wrong or without evidence to support it." Holden v. Holden, 31 Va. App. 24, 26, 520 S.E.2d 842, 844 (1999) (citing McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994)). "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal." Id. at 27, 520 S.E.2d at 844 (citing Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989)). "This Court has ruled that when the trial judge fixes a monetary award, he or she need not elaborate on the specific findings; however, the findings must be based upon credible evidence." Traylor v. Traylor, 19 Va. App. 761, 765, 454 S.E.2d 744, 746 (1995) (citing Taylor v. Taylor, 5 Va. App. 436, 444, 364 S.E.2d 244, 249 (1988)); see also Mir v. Mir, 39 Va. App. 119, 125, 571 S.E.2d 299, 302 (2002).

Credible evidence supports the trial court's award. The trial court noted that:

> When these parties split, the wife said to the husband, as I recall the testimony, you can stay in the property since you are paying the mortgage payments and you can have the tax deduction on the real estate and it is apparent to me that they had an agreement, at least an understanding, certainly not in writing, that is was *quid pro quo*. There was not going to be a request by her for any value of him staying there in return for the fact that he had the use of the property and he was to have the tax deduction and I don't think there is an issue about that. That is where they started out. I don't think, I feel that was the intent of the parties at that time and I also feel it is equitable that this be done.

In calculating the equitable distribution award, the trial court credited husband with $18,717.97 in mortgage payments, taxes, insurance and repairs on the property over the forty-two month period in question. It offset this amount by crediting wife $14,700, her share of the fair rental value for the same period, based on evidence that the husband had sole possession of the marital home and it had generated significant rental income during this same period that the husband could not quantify, and on the appraiser's testimony regarding the fair market rental value of the property. The trial court commented: "I think we are going to end up just about awash [sic] on those figures." Husband received a net award of $4,017.97 on the marital property. We cannot say that the trial court abused its discretion in crediting wife for the fair market rental value during the period husband was in exclusive control of the marital home and rented out a part of it. The statute permits equitable distribution awards to be determined after consideration of "[s]uch . . . factors as the court deems necessary or appropriate to consider in order to arrive at a fair and equitable monetary award." Code § 20-107.3(E)(10).

Husband's reliance on Jenkins v. Jenkins, 211 Va. 797, 180 S.E.2d 516 (1971), is misplaced. Jenkins was a partition suit instituted to determine an appropriate contribution between co-tenants. The holding in this pre-equitable distribution case determined only that wife would not be liable for the rental value of the property because husband had made no prior demand for it, nor did he "ever offer evidence of the fair rental value of his interest." Id. at 800, 180 S.E.2d at 518. This is not the factual scenario in the instant case.

Husband further contends that Gaynor v. Hird, 15 Va. App. 379, 424 S.E.2d 240 (1992), precludes the trial court from considering rental income under the facts of this case. While Gaynor, a post equitable distribution award partition suit, limited wife's entitlement to the rental value of the former jointly owned home to the date of the commencement of a tenancy in

common, the posture of the instant case is different. See id. at 382, 424 S.E.2d at 242. This is neither a suit for partition, nor a separate suit for an accounting under Code § 8.01-31.

Husband also relies on Traylor, 19 Va. App. 761, 454 S.E.2d 744, as precluding here the trial court's consideration of the rental income received on the marital home and husband's sole possession of the property during the period from separation to divorce. Husband's reliance on Traylor is misplaced. Traylor concerned property held and titled as tenants by the entirety converted to a tenancy in common at divorce. In Traylor, husband successfully challenged the commencement date used on remand to determine wife's share of accrued rents limiting her entitlement to the period post-divorce. See Traylor v. Traylor, No. 0120-91-2 (Va. Ct. App. Dec 17, 1991). Here, by contrast, husband held sole title to the marital property and received actual rental income from it.

Furthermore, nothing in the equitable distribution statute or cases cited by appellant prevents a trial court from considering rental income or fair rental value and associated expenses of the marital home, conceded to be marital property, in fashioning a fair and just award. The fact that husband held sole title to the property does not dictate a different result. In Lightburn v. Lightburn, 22 Va. App. 614, 472 S.E.2d 282 (1996), we held:

> Determining who has legal title . . . has little or no bearing upon how the value of an asset is to be equitably distributed by a monetary award under Code § 20-107.3. The mandate in a property distribution under this section is to allocate to each party a fair portion of the marital wealth. Equitable distribution deviates from traditional views of property ownership in that whether the property is separate or marital is determined by the statutory definition and is not determined by legal title.

Id. at 616, 472 S.E.2d at 283 (internal citations and quotations omitted).

Thus, the trial court did not err in fashioning its equitable distribution award.

Accordingly, we affirm the judgment of the trial court.

Affirmed.