COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Felton and Kelsey
Argued at Chesapeake, Virginia


WALTER THOMAS GOLEMBIEWSKI

v.        Record No. 2446-04-1

GAE SUSAN ANDERSON-MILLER                    MEMORANDUM OPINION[*] BY
                                              JUDGE WALTER S. FELTON, JR.
GAE SUSAN ANDERSON-MILLER                          JUNE 14, 2005

v.        Record No. 2468-04-1

WALTER THOMAS GOLEMBIEWSKI


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                        Frederick B. Lowe, Judge

        Lawrence D. Diehl for Walter Thomas Golembiewski.

        Michael C. Miller (Marcia M. Maddox; Katharine W. McGregor;
        Maddox, Cole & Miller, P.C., on briefs), for Gae Susan
        Anderson-Miller.


        Walter Thomas Golembiewski (husband) appeals the trial court's equitable distribution of

the parties' marital estate.  Husband contends that the trial court erred in (1) awarding the

Individual Retirement Account (IRA) titled in wife's name to her; (2) refusing to award to him the

rental value for wife's occupancy of the marital residence following the parties' separation, and

(3) awarding wife the larger share of the marital equity in the marital residence.  Gae Susan

Anderson-Miller (wife) cross-appeals, contending that the trial court erred in (1) awarding to

husband a disproportionate share of the equity in the marital residence as his separate property

based on his tracing evidence; (2) classifying property acquired during the marriage from

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

unidentified sources as husband's separate property; and (3) failing to classify the note proceeds, payable to both husband and wife, from the sale of husband's separate real estate as marital property. For the reasons that follow, we reverse the trial court's award to wife of the IRA titled in her name and remand for classification and distribution pursuant to Code § 20-107.3, but otherwise affirm the judgment of the trial court.

BACKGROUND

Husband and wife were married in 1984 in Pennsylvania. In October 2002, the trial court awarded wife a divorce on the grounds that the parties had lived separate and apart for more than one year. Code § 20-91(9)(a). It declined to make an equitable distribution determination, finding that the parties had waived equitable distribution in their pre-marital agreement. Husband appealed the judgment of the trial court declining to order equitable distribution. See Golembiewski v. Golembiewski, No. 2993-02-1, 2003 Va. App. LEXIS 507 (Oct. 7, 2003) (Golembiewski I). In Golembiewski I, a panel of this Court held that the terms of the parties' pre-marital agreement did not exclude the equitable distribution of "any joint property or property voluntarily placed in joint title or [separate] property voluntarily placed in the name of the other." Id. slip op. at 9, 2003 Va. App. LEXIS 507, at *15-16. This Court instructed the trial court to apply the provisions of Code § 20-107.3 to the property of the parties falling into these designated categories. Id.

On remand, the trial court heard evidence *ore tenus* related to the equitable distribution of the parties' property, including evidence related to the purchase of the marital residence, the proceeds of a jointly payable note arising from the sale of husband's separate property,[1] and all

---

[1] In 1997, husband sold a parcel of his separate real estate, with a portion of the purchase price payable over time pursuant to the terms of a mortgage note payable to husband and wife. The purchaser subsequently entered bankruptcy, and the proceeds of the note were distributed as a part of the bankrupt's estate.

separate "property voluntarily placed in the name of the other." The trial court entered a final equitable distribution order in September 2004, awarding each party the IRA then titled in his or her name. It found husband had shown that the IRAs were funded with contributions exclusively from his separate funds and that he did not gift to wife his separate property in the IRA titled in her name. It found that wife's IRA "constitutes separate property voluntarily placed in the name of another." Finding that "[s]ince § 20-107.3 does not directly address non-gift separate property voluntarily placed in the name of another," the trial court awarded wife the IRA titled in her name "by virtue of the Court's inherent general equitable powers." It also awarded the proceeds of the note from the sale of husband's separate property to husband as his separate property, finding that no gift of that property was made to wife, even though the note was made payable to both husband and wife. It declined to award husband any rental value for wife's post-separation occupation of the marital residence.

The trial court found that the marital residence, titled in the parties' joint names as tenants by the entirety, had a value of $565,000, with an outstanding mortgage balance of $40,511, resulting in an equity valued at $524,489. Applying the Brandenburg formula, approved by this Court in Hart v. Hart, 27 Va. App. 46, 497 S.E.2d 496 (1998), the trial court concluded that husband paid $177,693 from his separate property toward the purchase of the residence. That amount included $73,372 of his separate funds paid at closing and $104,321 of his separate funds applied to reduce the mortgage principal. After deducting the $177,693 traced to husband's separate property from the total equity, the trial court awarded wife eighty-five percent of the remaining marital equity in the residence, concluding that she was the primary wage earner during the marriage[2] and that she made greater non-monetary contributions to the well-being of the family. Wife subsequently remarried and eventually returned to Pennsylvania. Thereafter,

---

[2] Husband had considerable passive income from his separate property.

husband was awarded custody of the parties' daughter who remained with him in Virginia. The

trial court awarded husband the marital residence, provided that he purchase wife's interest in the

property. Both husband and wife appeal the equitable distribution order.

HUSBAND'S APPEAL

On appeal, we view "the evidence in the light most favorable to . . . the party prevailing

below and grant all reasonable inferences fairly deducible therefrom." Anderson v. Anderson,

29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999). "Fashioning an equitable distribution award

lies within the sound discretion of the trial judge," Srinivasan v. Srinivasan, 10 Va. App. 728,

732, 396 S.E.2d 675, 678 (1990), and "[w]here, as here, the court hears the evidence *ore tenus*,

its findings are entitled to great weight and will not be disturbed on appeal unless plainly wrong

or without evidence to support it," Alphin v. Alphin, 15 Va. App. 395, 399, 424 S.E.2d 572, 574

(1992).

I.

Husband contends that the trial court erred in awarding to wife the IRA titled in her name

but funded from husband's separate funds, when it also concluded that no gift had been made by

him of the property to her. In its equitable distribution award, the trial court stated:

> Since the Court accepts [husband's] argument that no gift was
> proven and that the IRAs were funded with contributions
> exclusively from his separate funds, [wife's] IRA constitutes
> separate property voluntarily placed in the name of another. Since
> § 20-107.3 does not directly address non-gift separate property
> voluntarily placed in the name of another, the Court awards the
> IRA in [wife's] name to her by virtue of the Court's inherent
> general equitable powers.

The record reflects that soon after the parties married, husband opened two separate IRA

accounts, one titled in wife's name and one titled in his name. The trial court found that husband

made all the contributions to these two accounts from his separate property. Wife did not

contribute funds to either account. Husband testified that wife had not opened an IRA, was not

- 4 -

interested in doing so, and that it was understood that he would fund an IRA in her name, but that it would remain his property. He explained that he funded the IRA titled in wife's name solely for its tax benefit to the parties and that it was never intended to be a gift to wife. Wife testified that she did not object to the opening of the IRA in her name for tax purposes.

The parties' pre-marital agreement specified that property separately owned by the parties would not be subject to equitable distribution if the parties divorced. It also unambiguously provided that a party's separate property voluntarily placed in the name of the other was not governed by the pre-marital agreement and thereby subject to equitable distribution. Golembiewski I., slip op. at 9, 2003 Va. App. LEXIS 507, at *16. Under these circumstances, the classification, valuation, and distribution of the IRA titled in wife's name is governed by Code § 20-107.3.

Virginia's equitable distribution law provides that property, including retirement accounts, acquired by either party during marriage, and before the last separation of the parties, is presumed to be marital in the absence of satisfactory evidence that it is separate property. Code § 20-107.3(A)(2)(iii); see Gilman v. Gilman, 32 Va. App. 104, 116, 526 S.E.2d 763, 769 (2000). Code § 20-107.3(A)(1)(iii) provides, among other things, that separate property is "all property acquired during the marriage in exchange for or from the proceeds of sale of separate property, provided that such property acquired during the marriage is maintained as separate property." See Courembis v. Courembis, 43 Va. App. 18, 34, 595 S.E.2d 505, 513 (2004).

Here the trial court concluded that, despite the IRA being acquired during the marriage and presumptively marital, husband's tracing evidence proved that wife's IRA was funded exclusively by his separate property. It also found that wife had failed to prove by clear and convincing evidence that husband intended a gift of this separate property to her. However, it then awarded the IRA in wife's name to her pursuant to its "inherent general equitable powers,"

holding that "[Code] § 20-107.3 does not directly address non-gift separate property voluntarily placed in the name of another."

We conclude that the trial court erred by failing to comply with the provisions of Code § 20-107.3 in awarding the IRA titled in wife's name as separate property voluntarily placed in her name by husband, after determining that it was funded exclusively by husband's separate property and that wife had failed to prove it was gifted to her by husband. See Code § 20-107.3(C). Accordingly, we reverse that part of the trial court's final decree and remand for further classification and distribution pursuant to Code § 20-107.3.

## II.

Husband also contends on appeal that the trial court erred in declining to award him rental value of the marital residence for the period wife occupied that property following the parties' separation. He concedes that such an award lies within the discretion of the trial court, but argues that it abused its discretion under the evidence presented. We find no error.

Husband asserts that wife continued to occupy the marital residence after he moved out; that she never paid him any rent; that she resided in the home with her new husband; and that her monetary contributions toward the residence would not offset his "extensive payments" made during her sole occupancy. The record on appeal does not support husband's claim that he made "extensive payments" toward the marital residence after the parties separated. Wife testified that after husband left the marital residence she "[paid] for everything" and that she "tried really hard" to maintain the property.

Husband's reliance on Anderson v. Anderson, 42 Va. App. 643, 593 S.E.2d 824 (2004), is misplaced. In Anderson, the husband remained in the marital residence after wife moved out, and rented a portion of it to third parties. Id. at 645, 593 S.E.2d at 825. Under those circumstances, the trial court correctly determined that wife was entitled to credit for the rents

collected by husband from the marital property between the time of the parties' separation and its final equitable distribution award. Id. Here, wife remained in the marital residence with the parties' young daughter and, later, her new husband. She did not rent or lease any portion of the residence to third parties. Accordingly, there were no rental payments from the marital residence to be distributed between the parties or credited to either in the final equitable distribution award. From the record before us, we find no abuse of discretion by the trial court in refusing to award any rental value from the marital residence to husband.

III.

Husband also contends that the trial court erred by granting a disproportionate share of the marital equity in the marital residence to wife. We have consistently held that "[e]quitable distribution does not mean equal distribution. In Virginia, there is no presumption that marital property should be equally divided." Budnick v. Budnick, 42 Va. App. 823, 838, 595 S.E.2d 50, 57 (2004) (citations omitted).

> We will not disturb the trial court's equitable distribution award merely because it is unequal in value between the parties, where the record reflects that the trial court has considered each of the factors set out in Code § 20-107.3(E), and where the evidence supports the trial court's conclusions.

Id. at 838, 595 S.E.2d at 58 (citations omitted).

The trial court awarded eighty-five percent of the marital equity in the marital residence to wife after considering the factors enumerated in Code § 20-107.3. It also awarded husband a substantial value of the total equity in the marital residence as his separate property, based on payments of his separate funds toward its initial purchase and reduction of the mortgage principal. The record reflects that wife was the primary wage earner during the marriage and that she made significant monetary and non-monetary contributions to the marriage. From our

review of the record, we conclude that the trial court did not abuse its discretion in allocating eighty-five percent of the marital equity in the marital residence to wife.

### IV.

Finally, husband requests an award of attorney's fees and costs expended in this appeal.

Reviewing the record of the proceedings as a whole, we decline to award husband his attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

### WIFE'S CROSS-APPEAL

### I.

In her cross-appeal wife contends husband's evidence was insufficient to trace the value of his separate property in the marital residence and that the trial court abused its discretion in finding that husband contributed $177,693 of his separate property in the initial purchase payment and in the reduction of the mortgage principal. She argues that husband's testimony as to tracing of his separate property was incredible and that his documentary tracing evidence was inadequate and incomplete considering a ten-year gap in his records from 1984 and 1994.

The parties titled the marital residence in their joint names as tenants by the entirety. Acquired during the marriage, it was presumptively marital property, except to the extent that husband was able to rebut that presumption by credible tracing evidence of his separate property in the marital residence. See Code § 20-107.3(A)(2); see also Gilman, 32 Va. App. at 116, 526 S.E.2d at 769. Here, the record reflects that husband provided most of the initial down payment from his separate sources, including proceeds from the sale of his separately owned real estate, the sale of his separately held stock, and funds received from his various separate investment accounts. In addition to his testimony, he presented documents tracing the funds from his separate property sources, including account balances and transaction records. The trial court

found husband's tracing evidence sufficient to rebut the marital presumption and that his proof established a separate property value of $177,693 in the total equity in the marital residence. The record before us supports its judgment.

Accordingly, we affirm the trial court's finding of husband's separate property interest in the marital residence.

II.

Wife also contends that the trial court erred in awarding husband the $10,000 proceeds of a note, made payable to husband and wife, derived from the sale of husband's separate real estate, which he acquired prior to the marriage and maintained as his separate property during the marriage. The purchaser of husband's property financed a portion of the purchase price by a note payable to husband and wife. Wife argues that the note is a new asset acquired during the marriage and presumptively marital property. She further argues that husband's tracing evidence failed to rebut the presumption that the note was marital property.

Husband testified that he added wife's name as joint payee of the purchasers' note on advice of his attorney in Pennsylvania where the property was located and that it was never his intention to gift any part of the note proceeds from the sale of his separate property to wife. The trial court found that husband's retracing evidence established that the note proceeds were husband's separate property and that wife failed to prove by clear and convincing evidence that husband intended to make a gift to her of the note proceeds. See Bchara v. Bchara, 38 Va. App. 302, 312-13, 563 S.E.2d 398, 403 (2002) (jointly titled real estate and jointly titled accounts remained the wife's separate property upon her establishing she had acquired the property by inheritance and evidence failed to show any gift).

From the record before us, we find no abuse of discretion in the trial court's decision to award husband the $10,000 note proceeds, and affirm its judgment.

CONCLUSION

We find no abuse of discretion by the trial court in finding husband's evidence sufficient to trace his separate property from the jointly owned marital residence; in its classification of the parties' respective interests in the marital residence; and in its equitable distribution of the marital equity in the marital residence. We also conclude that the trial court did not abuse its discretion in its award to husband, as his separate property, of the purchase money note proceeds from the sale of his separately owned real estate in Pennsylvania. We also conclude that the trial court did not err in declining to award any rental value to husband for the period wife occupied the marital residence after the parties' separation, or in its allocation to wife of eighty-five percent of the marital equity in the parties' marital residence.

However, we hold that the trial court erred in awarding to wife the IRA titled in her name, after determining that it was funded exclusively by husband's separate property and that no gift of that property was made by husband to wife. Accordingly, we reverse the judgment of the trial court awarding to wife the IRA in her name, and remand for classification and distribution pursuant to Code § 20-107.3.

Affirmed, in part,
and reversed, in part,
and remanded.
