COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Humphreys and Retired Judge Overton[*]

MARIE HUGHES

                                                              MEMORANDUM OPINION[**]
v.        Record No. 0359-06-1                                     PER CURIAM
                                                                  JULY 11, 2006
WAYNE LAMAR HUGHES


                    FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                              Frederick H. Creekmore, Judge

                    (Jack Ferrebee; Hofheimer/Ferrebee, P.C., on brief), for appellant.

                    No brief for appellee.


          Marie Hughes appeals the decision awarding Wayne Hughes, her husband, a thrift

savings plan as part of the equitable distribution decree and awarding her spousal support for a

specified term.  She argues on appeal that the trial judge abused his discretion in failing to

identify the statutory factors while awarding husband the thrift savings plan and by fixing the

amount and duration of her spousal support.  Upon reviewing the record and the opening brief,

we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of

the trial court.  See Rule 5A:27.

                                      BACKGROUND

          On appeal from awards of equitable distribution and spousal support, we view the

evidence in the light most favorable to the husband as the prevailing party below and grant to it

---

          [*] Judge Overton took part in the consideration of this case prior to the effective date of
his retirement as senior judge on June 30, 2006 and thereafter by designation pursuant to Code
§ 17.1-400(D).

          [**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

all reasonable inferences.  See Anderson v. Anderson, 42 Va. App. 643, 644, 593 S.E.2d 824, 824 (2004); McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

Husband and wife were married in 1983 and separated in 2003.  Wife filed for divorce seeking spousal support and equitable distribution.  After the pleadings were filed, the trial judge referred the matter to a commissioner in chancery.

After considering the evidence and "all of the factors found in [Code §] 20-107.3E," the commissioner filed a report recommending equitable distribution of property and spousal support.  His recommendations included awarding the husband the balance in the thrift savings plan as his own personal property and awarding the wife 40% of the marital share of husband's military pension, payable at the time husband retires.  The commissioner also reported that he examined the evidence and "considered all of the factors listed in 20-107.1E (1 through 13)" when recommending that wife receive spousal support of $500 per month until she is able to receive her marital share of husband's pension.

Wife excepted to the commissioner's report.  After considering the testimony and evidence from the commissioner's hearing and the parties' arguments, the trial judge overruled the wife's exception to the recommendation concerning the thrift savings plan.  The trial judge accepted in part the recommendation for spousal support; he increased the spousal support to $1,000 a month but retained the duration of the payments.

THE THRIFT SAVINGS PLAN

The commissioner's report, adopted by the trial judge in all respects relevant to equitable distribution of property, recites that the commissioner considered all of the equitable distribution factors set forth in Code § 20-107.3.

> "In reviewing an equitable distribution award on appeal, we have recognized that the trial court's job is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case."

> Klein v. Klein, 11 Va. App. 155, 161, 396 S.E.2d 866, 870 (1990).
> Unless the record shows that the judge has abused his or her
> discretion by misapplying the statutory factors, the judge's
> determination will not be reversed on appeal.

Anderson v. Anderson, 29 Va. App. 673, 692-93, 514 S.E.2d 369, 379 (1999).

The record demonstrates that the commissioner and the trial court considered and weighed each of the required statutory factors in determining and distributing the parties' debts and assets, including the thrift savings plan. The record indicates the thrift savings plan is a savings account. In 2003, at the time of separation, the account's value was $5,200. Husband testified that he borrowed $5,000 against it to pay bills, and he repaid the money to the account.

The commissioner and the trial judge, upon adopting the report, carefully considered the parties' debts and assets. The wife received 50% of the proceeds from the sale of the marital residence, 40% of the marital share of husband's military service pension with survivor benefits, and the Dodge Stratus, assigning to husband any remaining indebtedness on it. The commissioner recommended that wife not be assessed any penalty for using the checking account balance of $1,830, the IRA valued at $3,546.29, and savings bonds. The judge adopted the report's distribution of property to the husband, including the value of the thrift plan. Based on our review of the findings and this record, we cannot say the trial judge abused his discretion.

SPOUSAL SUPPORT

In her exceptions to the commissioner's recommendations and report, wife objected to husband's "spousal support obligation be[ing] limited to the sum of $500.00 per month." At the hearing, the wife argued that her monthly expenses justified a higher award of spousal support. In response, the trial judge sustained wife's objection to the $500 award of spousal support and ordered that husband pay $1,000 per month.

Wife included the following objection in the January 9, 2006 final decree:

> SEEN AND EXCEPTED TO UPON THE GROUNDS STATED
> IN PLAINTIFF'S EXCEPTIONS AND STATED IN ORAL
> ARGUMENT BEFORE THE COURT UPON THE
> EXCEPTIONS.

Wife contends on appeal that the trial judge abused his discretion in "failing to award spousal support in an amount and for a duration consistent with its findings of fact and the statutory factors." Rule 5A:18 provides, however, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." The trial judge sustained wife's exception regarding spousal support and doubled the amount she would receive. Wife never alerted the trial judge that she disagreed with the $1,000 award, did not propose on the record an amount she felt was appropriate, and did not contest the duration of the award. Wife's failure to preserve this issue for appeal bars our consideration of it on appeal. See Rule 5A:18.

For these reasons, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.