COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Alston and Russell
Argued at Lexington, Virginia

UNPUBLISHED

RICHARD DAVID ROUSE

v.        Record No. 0033-17-3

CATHERINE HAGY ROUSE

MEMORANDUM OPINION* BY
JUDGE WILLIAM G. PETTY
JULY 18, 2017

FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
Isaac St. C. Freeman, Judge Designate

Richard David Rouse, *pro se*.

Faith Dillow Esposito for appellee.

Richard David Rouse (husband) appeals several issues related to his divorce from Catherine Hagy Rouse (wife).  Husband argues that the trial court erred by (1) failing to follow the statutory requirements of Code § 20-107.3 when dividing the marital property and "failing to grant husband an opportunity to present testimony or evidence in the equitable distribution matter," (2) determining the monthly rental value of the marital home and ordering husband to pay wife one-half of that figure for each month of separation prior to their divorce, (3) failing to grant husband a divorce on the ground of desertion, (4) concluding that husband allowed the marital home to depreciate and failing to compare an older appraisal of the marital home with a more recent appraisal, (5) "punishing" husband for allegedly using delaying tactics to prevent the sale of the marital home, (6) requiring husband to pay *pendente lite* spousal support, (7) failing to consider husband's contributions to the support of his stepson under Code § 20-107.3(E)(11),

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(8) awarding attorney's fees to wife, and (9) holding a hearing on this matter in the same building where wife is employed. For the following reasons, we affirm the trial court.

## I. BACKGROUND

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. "When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Niblett v. Niblett, 65 Va. App. 616, 622, 779 S.E.2d 839, 842 (2015) (quoting Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003)).

After separating in 2007, the parties were divorced pursuant to a decree dated March 31, 2015, but entered *nunc pro tunc*, to March 24, 2014. A final order was entered on September 27, 2016, incorporating a memorandum opinion dated July 6, 2016. Over a nine-year period, the trial court held multiple hearings on the issues of spousal support and equitable distribution, including a 2008 hearing resulting in an award of *pendente lite* spousal support to wife, and hearings on January 27, 2014, March 24, 2014, and June 16, 2016.

## II. ANALYSIS

### A. ASSIGNMENTS OF ERROR 1 AND 7

Husband argues that the trial court did not consider and properly apply the factors listed in Code § 20-107.3(E) when dividing the marital property. Specifically, husband argues that the trial court erred by denying him an opportunity to present testimony or enter evidence regarding equitable distribution and by failing to hold an equitable distribution hearing. Also, under assignment of error seven, husband argues that the trial court erred by refusing to consider his contributions to his stepson's support.

In an equitable distribution hearing, a trial court must consider the factors enumerated in Code § 20-107.3(E) in distributing marital property, but it "is not required to quantify the weight given each [factor] nor is it required to weigh each factor equally, though its considerations must be supported by the evidence." Marion v. Marion, 11 Va. App. 659, 664, 401 S.E.2d 432, 436 (1991). Code § 20-107.3(E) provides,

> The amount of any division or transfer of jointly owned marital property, and the amount of any monetary award, the apportionment of marital debts, and the method of payment shall be determined by the court after considering the following factors:
>
> 1. The contributions, monetary and nonmonetary, of each party to the well-being of the family;
>
> 2. The contributions, monetary and nonmonetary, of each party in the acquisition and care and maintenance of such marital property of the parties;
>
> 3. The duration of the marriage;
>
> 4. The ages and physical and mental condition of the parties;
>
> 5. The circumstances and factors which contributed to the dissolution of the marriage, specifically including any ground for divorce under the provisions of subdivision A (1), (3), or (6) of § 20-91 or § 20-95;
>
> 6. How and when specific items of such marital property were acquired;
>
> 7. The debts and liabilities of each spouse, the basis for such debts and liabilities, and the property which may serve as security for such debts and liabilities;
>
> 8. The liquid or nonliquid character of all marital property;
>
> 9. The tax consequences to each party;
>
> 10. The use or expenditure of marital property by either of the parties for a nonmarital separate purpose or the dissipation of such funds, when such was done in anticipation of divorce or separation or after the last separation of the parties; and

11. Such other factors as the court deems necessary or appropriate to consider in order to arrive at a fair and equitable monetary award.

Furthermore, a trial court may consider a husband's support for his wife's children under Code § 20.107.3(E)(1) or Code § 20.107(E)(11), however, "he is not entitled to a dollar-for-dollar credit for contributions he may have made." Barker v. Barker, 27 Va. App. 519, 539, 500 S.E.2d 240, 250 (1998).

The trial court enjoys broad discretion in considering the Code § 20.107.3(E) factors, and a decision regarding equitable distribution will not be disturbed by this Court "unless it is plainly wrong or without evidence to support it." Anderson v. Anderson, 42 Va. App. 643, 647, 593 S.E.2d 824, 826 (2004) (quoting Holden v. Holden, 31 Va. App. 24, 26, 520 S.E.2d 842, 844 (1999)). "Unless it appears from the record that the trial judge has not considered or has misapplied one of the [Code § 20.107.3(E) factors], this Court will not reverse on appeal." Id. (quoting Holden, 31 Va. App. at 27, 520 S.E.2d at 844).

Here, at the beginning of the January 27, 2014 hearing, the trial court announced that it would hear arguments on jurisdictional matters, fault, continued spousal support, and equitable distribution in that order. Both husband and wife agreed to this format. The trial court went on to hear extensive testimony relevant to equitable distribution, including testimony from husband, wife, husband's stepson, husband's mother-in-law, and three other witnesses. Particularly relevant to husband's argument, the trial court heard extensive testimony regarding the acquisition, maintenance, use, expenditure, and care of the marital home. Husband and wife also testified to their respective nonmonetary contributions to the marriage. The court permitted husband and wife to testify at length regarding allegations of physical and verbal abuse and desertion. Husband and wife testified as to income, retirement, and various bank accounts. Exhibits related to income, retirement, and property were entered into evidence by both husband and wife.

- 4 -

Significantly, at no time during the hearing did husband request additional time to present more evidence or call additional witnesses. Husband also fails to specify any proffered testimony or other evidence relevant to equitable distribution that the trial court rejected during any of the hearings on equitable distribution, including the January 27, 2014 hearing. Rather, the substance of husband's argument is repeated citations to testimony that was *given* during the January 27, 2014 hearing, a citation to testimony given during his 2010 deposition, and a citation to 110 pages in the appendix consisting of: six pages of objections to the final order filed by husband on October 3, 2016; a brief previously filed by husband's subsequently withdrawn counsel; an unpublished opinion by this Court; various email correspondence; an affidavit signed by the stepson; sixty pages related to a property auction and appraisal of real property; previous orders entered by this Court and the trial court; and a copy of Code § 16.1-278.17:1.[1]

Regarding assignment of error seven, at the January 27, 2014 hearing, husband testified extensively of his monetary and nonmonetary contributions to his stepson's support. Nothing in the transcript of the January 27, 2014 hearing suggests that the trial court did not consider husband's contributions to his stepson's support. To the contrary, the court stated at the hearing, "[a]pparently, [the stepson] was a small child when these two were married in 1992. And so it would seem that Mr. Rouse was an integral part of his raising. And there was obviously some financial support provided by Mr. Rouse as well as the mother," thus indicating that the trial court considered both husband's contributions to his stepson's support and wife's contributions.[2]

---

[1] In husband's reply brief under this assignment of error, he invites this Court to consider statements that are not part of the record. We decline husband's invitation. See Rule 5A:8.

[2] Husband argues that the court refused to consider his "uncontested testimony" at the June 16, 2016 hearing regarding his support of his stepson. Because we lack a transcript of that hearing or a written statement of facts in lieu of a transcript, we do not address that portion of his argument. See Rule 5A:8.

In its final order, the trial court stated the order was entered, in part, "upon consideration of each of the factors set forth in Virginia Code Section 20-107.3 . . . ." Because there is evidence in the record to show that the trial court considered the Code § 20-107.3(E) factors in dividing the marital property, the court did not abuse its discretion.

### B. ASSIGNMENT OF ERROR 2

Husband argues that the trial court erred in determining a monthly rental value of the marital home when there was no evidence to support such finding.

It is an axiom of appellate review that "the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient [appendix] from which we can determine whether the lower court has erred in the respect complained of." Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 765 (2003) (quoting Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993)). "The appendix must include 'any testimony and other incidents of the case germane to the [assignments of error].'" Id. at 717, 576 S.E.2d at 764 (quoting Rule 5A:25(c)(3)). When the appendix is insufficient, we may affirm the judgment of the trial court. Id. at 718, 576 S.E.2d at 765.

Moreover, if a transcript that is necessary to the resolution of the issue is not included in the record, a written statement of facts may be submitted in lieu of a transcript. Rule 5A:8(b)(4)(ii). However, "[w]hen the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignment of error affected by such omission shall not be considered." Id.

Here, in the appendix, the earliest order by the court determining a monthly rental value of the marital home is the decree dated March 31, 2015, but entered *nunc pro tunc*, to March 24, 2014. In that decree, the court also ordered husband to pay $39,000 to wife as one-half of the rental value owed for the past seventy-eight months that husband had sole use of the home. The decree

was based in part, "upon evidence of the parties heard ore tenus March 24, 2014 . . . ." The record does not include a transcript of the March 24, 2014 hearing or a written statement of facts in lieu of a transcript; thus, we do not know what evidence, if any, was given at that hearing with regard to the rental value of the home. Because we lack a transcript or a written statement of facts necessary to review the issue, we are unable to determine if the trial court erred in setting the rental value. See Rule 5A:8(b)(4)(ii). Accordingly, the issue is waived on appeal.[3]

Husband also argues that the trial court erred in setting the rental value and awarding wife one-half of the rental value because wife never requested such relief. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. Here, husband fails to point to the place in the record where he preserved this specific objection for appeal nor does he argue that good cause or the ends of justice exceptions are applicable. Accordingly, Rule 5A:18 bars our consideration of this specific argument.

C. ASSIGNMENT OF ERROR 3

Husband argues that the trial court erred by failing to grant a divorce to him based on desertion.

Where multiple grounds for divorce exist, it is within the sound discretion of the trial judge "to select the grounds upon which he will grant the divorce." Fadness v. Fadness, 52 Va. App. 833, 840, 667 S.E.2d 857, 861 (2008) (quoting Konefal v. Konefal, 18 Va. App. 612, 613-14, 446 S.E.2d 153, 154 (1994)).

---

[3] We recognize that husband is proceeding *pro se*. However, "[e]ven *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

Here, it is undisputed that husband and wife lived separate and apart without interruption for more than one year prior to divorcing. Thus, even if there was sufficient evidence to grant husband a divorce based on desertion, the trial court did not err in choosing to grant the divorce based on continuous separation for more than one year.[4]

### D. ASSIGNMENT OF ERROR 6

Husband argues that the trial court erred in awarding *pendente lite* spousal support to wife in violation of Code § 16.1-278.17:1.

The Supreme Court has made clear that "[a] party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory." Cangiano v. LSH Bldg. Co., 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006). "The prohibition against approbation and reprobation forces a litigant to elect a particular position, and confines a litigant to the position that [he] first adopted." Matthews v. Matthews, 277 Va. 522, 528, 675 S.E.2d 157, 160 (2009). "The approbate-reprobate bar allows the opposing party and the courts to rely on the position first taken when one party affirmatively assumes inconsistent legal positions on their own behalf." Harvey v. Commonwealth, 67 Va. App. 336, 349, 796 S.E.2d 428, 435 (2017). In sum, when a litigant takes one position on a legal issue at trial and an inconsistent or contradictory position on the same issue on appeal, the approbate-reprobate doctrine bars our consideration of that assignment of error. See Vay v. Commonwealth, 67 Va. App. 236, 264, 795 S.E.2d 495, 508 (2017).

---

[4] Husband argues in his reply brief that the trial court failed to consider desertion in distributing the marital property as required by Code § 20.107.3(E)(5). Husband is not permitted to raise an argument for the first time in his reply brief. See Jeter v. Commonwealth, 44 Va. App. 733, 740, 607 S.E.2d 734, 737 (2005) ("The appellee . . . has no meaningful opportunity to address arguments and authorities raised for the first time in a reply brief."); see also Rule 5A:19(c)(3) (granting the appellant, but not the appellee, the right to file a reply brief).

Here, in wife's answer and cross bill to husband's initial divorce action wife requested, among other things, temporary and permanent spousal support. Husband filed an answer to the cross bill in which he asked that the court deny wife's request for spousal support of any kind. Following a 2008 hearing, wife was awarded *pendente lite* spousal support in the amount of $400 per month. The order was endorsed "requested" by husband's then attorney. Under the approbate-reprobate doctrine husband may not now take the contrary position that the award of *pendente lite* spousal support was in violation of Code § 16.1-278.17:1. Accordingly, we will not consider this assignment of error.[5]

E. ASSIGNMENTS OF ERROR NOT ADDRESSED BECAUSE OF RULE 5A:20(e)

"Rule 5A:20(e) requires that an appellant's opening brief contain '[t]he principles of law, the argument, and the authorities relating to each [assignment of error].' Unsupported assertions of error do not 'merit appellate consideration.'" Jones v. Commonwealth, 51 Va. App. 730, 734, 660 S.E.2d 343, 345 (2008) (first alteration in original) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992)), aff'd in part, vacated in part, 279 Va. 52, 688 S.E.2d 269 (2010). Furthermore, "when a party's 'failure to strictly adhere to the requirements of Rule 5A:20(e)' is significant," this Court may treat the assignment of error as waived. Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008) (quoting Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008)).

Husband does not include any arguments, legal authority, or principles of law supporting his assignments of error four, five, eight, and nine. Rather, husband's arguments under these

---

[5] Even if husband did not approbate and reprobate the issue of *pendente lite* spousal support, we lack a transcript necessary to consider this assignment of error. See Rule 5A:8. In the record, there is no transcript of the 2008 hearing that resulted in the *pendente lite* order, nor is there a written statement of facts in lieu of a transcript. Without a transcript or written statement of facts from the 2008 hearing, this Court cannot determine if the trial court abused its discretion in awarding *pendente lite* spousal support. Thus, regardless of the approbate-reprobate doctrine, Rule 5A:8 bars our consideration of this assignment of error.

assignments of error consist entirely of citations to the appendix or mere conclusory statements unsupported by any legal analysis or authority.

If husband believed that the trial court erred, Rule 5A:20(e) required him "to present that error to us with legal authority to support [his] contention." Fadness, 52 Va. App. at 851, 667 S.E.2d at 866. Simply put, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." Bartley v. Commonwealth, 67 Va. App. 740, 746, ___ S.E.2d ___, ___ (2017) (quoting Sneed v. Bd. of Prof'l Responsibility of the Supreme Court of Tenn., 301 S.W.3d 603, 615 (2010)). Husband's "failure to provide legal argument and authority as required by Rule 5A:20(e) leaves us without a legal prism through which to view his alleged error[s] and, therefore, is significant." Id. at 746, ___ S.E.2d at ___. Accordingly, we deem waived his assignments of error four, five, eight, and nine.

### III. REQUEST FOR ATTORNEY'S FEES AND COSTS

In his reply brief, husband asks this Court to award his attorney's fees and costs based on wife's fault in the divorce. An appellant may not raise an issue for the first time in a reply brief because the appellee "has no meaningful opportunity to address arguments and authorities raised for the first time in a reply brief." Jeter v. Commonwealth, 44 Va. App. 733, 740, 607 S.E.2d 734, 737 (2005); see Rule 5A:19(c)(3) (granting the appellant, but not the appellee, the right to file a reply brief). Here, husband did not raise this issue as an error by the trial court in his opening brief and he is not permitted to do so for the first time in his reply brief; accordingly, we deny his request.

Additionally, to the extent husband is requesting this Court to award his costs on appeal, on consideration of the record before us, we deny his request. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

IV. CONCLUSION

Husband has failed to prove that the trial court abused its discretion in dividing the marital property or in granting a divorce on the ground of continuous separation of more than one year. The approbate-reprobate doctrine bars our consideration of the issue of *pendente lite* spousal support. Husband's remaining assignments of error are waived due to procedural defects. Accordingly, the judgment of the trial court is affirmed.[6]

Affirmed.

---

[6] Pursuant to Rule 5A:37, husband requests that this Court order the parties to participate in a settlement conference. We deem this case inappropriate for a settlement conference under the rule; therefore, his request is denied.